## NAPOLEON B. VAN SLYKE, Respondent,

*vs.*

## STEPHEN D. CARPENTER and ROLLA A. LAW, Appellants.

APPEAL FROM THE DANE CIRCUIT COURT.

A demurrer to a complaint for libel under the code, so substantially bad as to constitute ground of error or arrest of judgment, under the old practice, ought not to be stricken out as frivolous.

A frivolous demurrer is one so manifestly bad that its chai acter is apparent upon a bare inspection of the pleadings; one which indicates bad faith in the demurrant, and subjects him to irretrievable default, as for want of an answer.

When a demurrer or answer is properly stricken off as frivolous, under section 159 of the code, the plaintiff is entitled to have his damages assessed under section 158.

In a complaint for libel it is not sufficient to allege that the words were published of and concerning the plaintiff, when the words are ambiguous in themselves. In such case an *innuendo* is necessary to show their application to the plaintiff.

The *innuendo* in a complaint for libel is not dispensed with by the code in all cases, but is retained in all cases where the meaning of the words would be ambiguous without it.

The code dispenses with the allegation of "extrinsic facts," outside of the defamatory matter, such as would formerly have been necessaary to show its application to the plaintiff, by way of inducement, and an averment or *innuendo* that the plaintiff was meant, is sufficient.

There were three actions for libel commenced in the Dane. circuit by the respondent, against the appellants. They all depend substantially upon the same state of facts; and involve the same questions of law and practice. They were all argued at one time, and were all considered together by the court. These questions arise upon the pleadings in the case, for the

purpose of presenting which, it will be sufficient to state one case only. The complaint is as follows :

" The above named plaintiff complains against the above named defendants, and respectfully shows to this court, that on the 6th day of January, 1857, the said defendants contriving and maliciously designing to injure the said plaintiff in his good name, fame and credit, and to bring him into public scandal, infamy and disgrace, with and amongst all his neighbors and other good and worthy citizens, and to cause it to be believed by those neighbors and citizens, that the said plaintiff had been and was guilty of the offences and misconduct hereinafter mentioned to have been charged upon him by the said defendants, and to harrass and oppress him, the said defendants did, on the sixth day of January, 1857 aforesaid, at the city of Madison, in the county of Dane aforesaid, falsely, wickedly and maliciously compose and publish, and cause and procure to be published, in a newspaper called the " Wisconsin Patriot," of and concerning him, the said plaintiff, a false, malicious and defamatory libel, containing the false, scandalous, malicious, defamatory and libelous matter following, of and concerning the said plaintiff, that is to say :

' We see that the city barber voted against loaning the credit of our city to aid a road that will benefit our town $25,000 per month. We are glad of this on one account, as it shows him in his true colors with respect to our city's interests. There is no private banking plunder in this matter—the city barber can't " negotiate " these bonds to be issued—hence he is opposed to their issue. We are glad of this, for if 'that famous swindling scoundrel, of " salt lick " notoriety,' had voted for the ordinance, the people would have had some just grounds for suspicion that all was not right, and we might have lost the concurrence of our citizens in this matter so vital to the best interest of our city. As it is, all are satisfied that it will pass without much opposition.'

And for a further and second cause of action, the above named plaintiff respectfully shows to this court, that on the day and year aforesaid, the above named defendants contriving and maliciously designing further to injure the said plaintiff in his good name, fame and credit, and to bring him into public scandal, infamy and disgrace, with and amongst all his neighbors and other good and worthy citizens, and to cause it to be believed by those neighbors and citizens, that the said plaintiff had been and was guilty of the offences and misconduct hereinafter mentioned to have been charged upon him by the said defendants, and to harrass and oppress him, the said defendants did, on the day and year aforesaid, at the city of Madison aforesaid, falsely, wickedly and maliciously compose and publish, and cause and procure to be published in a newspaper called " the Daily Wisconsin Patriot," of and concerning him, the said plaintiff, a certain other false, scandalous, malicious, defamatory and libelous matter following, of and concerning the said plaintiff, that is to say :

' We see that the peculiar action of our city council on the loan matter, is attracting the attention of the people in the eastern cities.

' The last Daily Jersey Sentinel ridicules the way we do business. The Boston Telegraph also gives us a dig. Our people will find that the real damage done to our city by the infamous city barber and his immediate confreres, has done us more injury than a half million of dollars would ever make good. It would be a blessing to us, as a city, if that corrupt barber shop—barber and all—were hooted out of town. If our spring election don't put in a different set of men, a large portion of our citizens will leave. ' If the city barber was not a thief by nature and profession, he would *resign.*'

' P. S. We see that a petition is being handed around asking the city barber to *resign*. Will he do it ?'

By means of which said several grievances, committed by the said defendants, the said plaintiff has been and still is greatly injured in his good name, fame and credit, and brought into public scandal, infamy and disgrace, with and amongst all his neighbors and other good and worthy citizens, to the damage of the said plaintiff of twenty thousand dollars.

Wherefore the said plaintiff demands judgment against the said defendants for the sum of twenty thousand dollars, besides the costs of the action."

To this complaint the defendants demurred, assigning the following causes:

" For that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action ; and the said defendants further specify the following grounds of objection to said complaint :

1.   In both counts of said complaint more than one person is spoken of in the words charged to have been published by the defendants, and there are no averments in either of said counts showing what portion of said words have reference to the plaintiff.

2.   In neither of the counts of said complaint is there a charge that any words libelous in themselves were published of and concerning the plaintiff, nor that the words published were intended to refer to the plaintiff.

3.   There is not in said complaint, any charge that the complainant has sustained special damage by the publication of the matter alleged to have been published.

4.   There are several causes of action improperly united in each count of said complaint, to wit :

The words alleged to have been published are, ' We see that the city barber voted against loaning the credit of our city to aid a road that will benefit our town $25,000 per month,'— which is one cause of action.   Again, ' We are glad of this on one account, as it shows him in his true colors with re-

spect to our city's interests,'—which is another cause of action. And so on in each separate sentence of the words alleged in both the first and second counts to have been published, there appears a distinct and separate cause of action.

5. In neither count of said complaint are there averments, showing that any libelous words charged to have been published by the defendants, have reference to the plaintiff."

Then follows the scandalous matter referred to in the opinion of the court, which the defendant's counsel struck out before filing.

The plaintiff's counsel moved to strike out said demurrer as frivolous, and on the hearing of an order to show cause why the motion should not be granted, the court made the following order:

" On reading and filing affidavit and order to show cause, &c., and after hearing Orton, Smith and Hopkins, of counsel for the plaintiff, and Knapp and Roys for defendants, it is ordered that the demurrer to the complaint, put in and served by the defendants in this action, be, and the same is hereby stricken out as sham and frivolous, with ten dollars costs of this motion." From which the defendants appealed.

*J. G. Knapp*, for the Appellants.

The order appealed from ought not to be affirmed because:

1. This motion was prematurely made. The complaint had not yet been filed in the court, and might never have been filed; consequently there was not a case in court. The demurrer had not been filed, and the time for answering not having expired, the defendant was at liberty to amend. § 319, 80 Code.

2. But suppose it was not prematurely made, then this motion could not be allowed, because it strikes out the whole of the pleading, which cannot be done if there be one good

point in it. To determine whether there be a good point or not, we can only look at the demurrer, as that was the only pleading before the court on the 11th of June. The complaint had not been filed, and was not before the court. But if it were, it could not be looked into on this motion, otherwise the merits of a demurrer may be tried upon a motion to get rid of trying them. *Benedict vs. Dake,* 6 T. Rep. 352 ; *Nicholas vs. Jones, ad.* 355. § 66 of the code does not apply to demurrers. *Smith vs. Brown,* 6 Pr Rep. 383. Or, if it did, this motion is not well made in not designating the parts of this demurrer which are to be stricken out.

3. This is not a proper motion under section 159.

4. If there be one good point to the whole extent of the demurrer, though another is bad, the demurrer must be sustained. 1 Smith, ch. Pr. 574, and cases cited; Stroy's Eq. Pl. sec. 443.

5. The demurrer is not bad because it contains argument; that is merely surplusage. *Davis vs. Williams,* 1 Sim. 5 ; 1 Smith's ch. Pr. 206.

*Orton & Hopkins* and *Smith & Keys,* for Respondent.

1. The complaint is full and sufficient—§ 70 Code.

2. The demurrer is palpably frivolous and scandalous, and the order of the court striking it out for that reason is right and should be affirmed.

3. The circuit court might have awarded judgment under section 159 of the code ; but the damages of the plaintiff must then have been assessed by a jury, and the order for judgment would have been of no effect. In cases where the court can give judgment without the aid of a jury, the party may have judgment entered immediately upon the decision of the court or judge overruling the demurrer as frivolous.

The plaintiff in this case got all the relief he sought by striking out the demurrer. He was then in a situation to

apply to the court for the relief demanded in the complaint under the 2d subdivision of section 158 of the code. The demurrer being striken out by the order, the plaintiff could proceed in the same manner he would if no answer had been put in. 1 Code, Rep. N. S. 141.

The demurrer in this case was a " sham defence," and properly striken out under section 158 of the code, and it not being a case where judgment could be entered upon the decision of the court, the order is in the proper form.

4. The attempt of the defendant's attorneys to avoid the motion by filing a different demurrer from the one served, cannot succeed. The motion had been made to strike out the demurrer, before they altered or attempted to alter it, and they could not by filing a different demurrer from the one served defeat the motion. A party is bound by the copy served, and if they wished in good faith to amend and strike out the objectionable and offensive part, they should have amended and served the amended copy in the usual way; but such an amendment could not have been made " to the prejudice of the proceedings already had." § 80, Code.

*By the Court*, SMITH, J. These cases are all to be considered, as they were all argued together, and all depend substantially upon the same principle, so far as the subject matter of the appeal is concerned. They are numbered in this manner, not according to their place and number on the calendar for the term, but for the sake of convenience, as they all depend upon the same rule of practice and follow consecutively on the calendar.

The questions of practice involved in these appeals, have already been considered, and but few words more are requisite to dispose of them, in as much as these several demurrers were stricken off upon the sole ground of frivolousness by the

court below, and, in so far, the observations made upon the cases heretofore considered, will apply equally to these. (*See Farmer & Miller's Bank vs. Sawyer post.*)

If the court below had properly been presented with the foolish, not to say scandalous appendix, to the several demurrers, and had thrown out the papers for that reason, and had even punished the offender, this court would not have interfered. But such does not seem to have been the case. From the order made in the case by the court below, it seems that he regarded the amendment made to the demurrer by striking out, or rather by drawing black lines around the scandalous appendix, as an effectual obliteration thereof, and proceeded to pass upon the demurrer as it had reference to the complaint, and pronounced the same frivolous, without, however enforcing the statutory consequences thereof, as prescribed by section 159 and section 158, subdivisions one and two of the code.

It is conceded on all hands that the complaints filed in these cases, would be bad as declarations in common law actions. But it is contended that section 70 of the code has wrought such a radical change in the practice, that to what was before substantially bad in the statement of the plaintiff's cause of action, it is now frivolous to object by way of demurrer; in other words, that those defects which were so substantial as to constitute cause for error before, are now turned to mere frivolity, and are not to be alleged or objected to in any manner, under pain of irretrievable default.

We cannot accede to such an interpretation of the section of the code before referred to. It has undoubtedly wrought very considerable changes in the *form* of pleading in cases of this kind, but little change will be found to have been made in regard to substance.

But before proceeding to notice the changes which have been made by the code, in respect to the form and substance

of the pleadings in cases of libel and slander, it may be well asked, whether the court, upon the inauguration of a new system of practice, should inflict the consequences of a frivolous pleading upon a party whose pleading would be good under the old one; nay more, should the court pronounce a demurrer to a complaint, frivolous which would have been obviously well taken before, and a complaint substantially worthless before, so perfect now, that a demurrer to it must be condemned as frivolous, and the demurrant punished accordingly. We cannot believe the legislature intended any such absurdities, nor do we think the code is justly chargable with them.

Section 70 of the code, is in the following words:

" In an action for libel or slander, it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matters, out of which the cause of action arose; but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff, and if such allegation be controverted, the plaintiff shall be bound to establish on trial that it was so published or spoken."

It must be borne in mind that the question before the court is, not whether the demurrers are well taken, or whether they would be overruled on the hearing, but whether they are frivolous, and ought to be stricken from the files, and the plaintiff is entitled to judgment as upon a peremptory and irretrievable default; or to state the case more plainly, are the complaints so manifestly good, sufficient and unexceptionable, that upon a bare inspection thereof and the demurrer, it is apparent that the latter could not have been interposed in good faith? but that the interposition of which was trifling with the process, forms and practice of the court. If so, most certainly the defendants have forfeited all right to a further hear-

ing or defence, and the plaintiff is entitled to have his damages assessed under section 158 of the code.

The court below undoubtedly took this view of the several cases, and made the following order in each of them :

" On reading and filing affidavit and order to show cause, &c., and after hearing Orton, Smith and Hopkins of counsel for the plaintiff, and Knapp & Roys for defendants, it is ordered that the demurrer to the complaint put in and served by the defendants in this action, be, and the same is hereby stricken out as sham and frivolous, with ten dollars costs of this motion."

Enough has, perhaps been already said, to show that we do not regard these demurrers as frivolous, and that they were not liable to be stricken off under section 159 of the code; and we are not under the necessity of going further. But as these cases are to go back for further proceedings, and as the question of practice here involved is one of importance to the profession, we have concluded to go beyond our strict duty in the premises, and consider the effect which section 70 has upon the pleading and practice in cases of libel and slander.

We may repeat here, that if the paper had found its way to the files of the court in the shape it was in when served upon the plaintiff's attorney, there is no doubt that it might have been stricken from the files at once as a scandalous paper placed there in contempt of the court. But such were not the facts nor the proceedings, as is manifest from the order of the court.

Section 70 of our code corresponds with, and is a copy of section 164 of the New York code of proceedure, which has been the subject of very considerable discussion in the courts of that State : a circumstance in itself, sufficient to relieve the demurrers in these cases from the charge of frivolousness.

is contended by the counsel for the respondent, that un-
is section, it is only necessary in all cases to allege that

the defamatory words were published or spoken of and concerning the plaintiff, and that no *innuendo* or averment is necessary to show that the words were applicable to the plaintiff, or that he was intended thereby. But this is true only in such cases where the words are not ambiguous in themselves. The code only relieves the plaintiff from stating "extrinsic facts," where such extrinsic facts would otherwise have been necessary to show the application of the words, and without a statement of which by way of inducement in the introductory part, the declaration would be bad, notwithstanding the *innuendo*. In no case in the New York Reports have we been able to discover that the *innuendo* may in all cases be dispensed with. On the contrary it seems to be retained in the forms of pleading under the code and regarded as essential in all cases where the meaning of the words would be ambiguous without it. See Voorhies Code 230, §164 and notes; *Miller vs. Maxwell*, 16 Wend., 9 and notes; *Pike vs. Von Wormer*, 5 How. Pr. Rep. 171, 6 id. 99, 2 Monell's Pr. 388.

It is stated in some of these cases that the 164th section of the New York code, was intended to obviate the real or supposed difficulty occasioned by the decision in the case of *Miller vs. Maxwell*, before cited; but that the section merely dispenses with the allegation of *extrinsic facts*, and circumstances outside of the defamatory matter, showing the application of the words to the plaintiff. It does not dispense with the necessity of an averment or innuendo, when they become essential to show the meaning of the words themselves. *Pike vs. Van Wormer*, 5 How. 171, 6 id. 99; *Fry vs. Burnett* 1 Code Rep. N. S., 247; 5 Sand. 54; *Caldwell vs. Raymond*, 2 Abbott R., 193; 10 How., 222.

It is well known to every pleader, that under the old form of pleading, it frequently became necessary to set out extrinsic matter, by way of inducement, to show the application of the words to the plaintiff, such as his profession, trade or

calling, his place of residence or business, the office he held when that was required to give direction, point or significance to the words. This, it is understood, is dispensed with by section 70 of the code, and an averment or innuendo that the plaintiff was meant, is now sufficient.

But we do not intend to discuss at length, nor decide upon the sufficiency of the complaints in these cases, nor the validity of the demurrers. Enough has been said to show that the latter are not frivolous, and to suggest to the parties the propriety of reviewing their proceedings.

The order of the court below is reversed in each case, and the same is remanded for further proceedings according to law.

Order reversed with costs.