ATTORNEY GENERAL *v.* VAN BUREN CIRCUIT JUDGE.

1. INTOXICATING LIQUORS—LOCAL OPTION—ORDER FOR ELECTION.
   An order of the board of supervisors submitting the question of local option to the electors of the county on a particular date is sufficient under Act No. 183, Pub. Acts 1899, § 6, where the date named is that of holding the annual township election, though not so designated in the order.

2. SAME—RECITALS OF ORDER.
   An order stating that it has been prayed for by not less than one-third of all the qualified electors of the county as shown by the poll lists is sufficient, though it does not state the number of names on the poll lists nor the number of electors signing the petition.

3. SAME—RESOLUTION OF SUPERVISORS—FINALITY.
   Where a resolution of a board of supervisors to submit the question of local option is adopted in conformity to law, and the record thereof is regular, it is conclusive of the preliminary steps necessary to set the board in motion.

Mandamus by John E. Bird, attorney general, to compel L. Burget Des Voignes, circuit judge of Van Buren county, to vacate an order denying a petition for an order to show cause why a mandamus should not issue to compel the board of supervisors to vacate an order submitting

the question of prohibiting the sale of liquor under the local option law. Submitted March 8, 1906. (Calendar No. 21,608.) Writ denied March 13, 1906.

*W. D. Fuller*, for relator.

*R. M. Chase*, for respondent.

CARPENTER, C. J.  Relator presented a petition to the respondent praying that the board of supervisors of Van Buren county be compelled by mandamus to vacate an order made by that board submitting to the electors of said county the question of prohibiting the sale of liquor under the local option law.  Respondent refused to grant an order to show cause.  This court is asked to compel him to grant that order.

The law requires (see Act No. 183, Pub. Acts 1899; § 6) "that such question shall be voted upon at the next annual township election."  The order in question directs the question to be voted upon April 2, 1906.  That is in fact the date of the next annual township election, but the order fails to so state.  It is scarcely necessary to say that this failure was altogether unimportant.

Relator complains because the order directing the submission of the question contained no recital of the number of names on the poll lists, or of the number of electors who signed the petition.  It does state that—

"Said election has been prayed for by the requisite number of electors, to wit, by not less than one-third of all the qualified electors of the county as shown by the transcripts of the poll lists and returns of the county canvassers of the last preceding general election for State officers held in said county."

This complies with the statute and is sufficient.

It is also contended that the petitions signed by the electors were not in proper form; that the affidavits of posting were prematurely made, and that copies of the petitions were not in fact properly posted.  The statute (see Act No. 183, Pub. Acts 1899, § 6) made the resolution

of the board of supervisors, heretofore referred to, "final as to the sufficiency of the petitions and the requisite number of electors signing the same." What is meant by the language that the determination shall be "final as to the sufficiency of the petitions?" Do these words merely relate to the form of the petitions? Do they mean that, though the order of the board determines conclusively that the petitions are in proper form, it leaves open to collateral attack the question of whether the preliminary steps essential to give jurisdiction have in fact been taken? To ask these questions is to suggest their proper answer. The board has no authority to determine the sufficiency of the petitions unless the preliminary steps essential to give it jurisdiction have in fact been taken. When the board determines that the petitions are sufficient to justify its action, it does determine that those essential preliminary steps have been taken. The grant of authority, then, to finally determine the sufficiency of the petitions, would be entirely nugatory unless by implication it conveyed authority to finally determine that the essential preliminary steps have in fact been taken. We cannot give final effect to the board's determination that the petitions are sufficient and at the same time deny its jurisdiction to make such determination. Accordingly, this court has held:

"This resolution being adopted in conformity to law, and the record thereof being regular, is conclusive of the preliminary steps necessary to set the board in motion." *Thomas* v. *Abbott,* 105 Mich. 689.

Respondent was therefore right in refusing to issue the order to show cause.

Mandamus denied.

McALVAY, GRANT, BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.