MADILL v. COMMON COUNCIL OF THE CITY OF MIDLAND.

1. INTOXICATING LIQUORS—LOCAL OPTION—SUFFICIENCY OF PETITIONS—HOW DETERMINED—ELECTIONS.

Where the county clerk was in doubt as to the validity of certain petitions for the submission of the question of prohibiting the manufacture and sale of intoxicating liquors within the county, and filed the returns and affidavits with the board of supervisors at the time of their regular meeting, his failure to find that the submission of the question was asked for by a sufficient number of votes was not fatal to the proceedings; since, under the statute (section 5417, 2 Comp. Laws), such duty rests upon the board of supervisors, and their determination is conclusive and final.

2. SAME—LOCAL OPTION—SUFFICIENCY OF AFFIDAVITS.

In such proceedings the determination of the sufficiency of affidavits attached to the petitions and returns is lodged in the board of supervisors, and their action made final.

3. SAME—LOCAL OPTION—PROCEEDINGS OF BOARD—RECORD.

The action of the board, after the adoption of such resolution on the 18th of the month, in taking a recess until the 22d to enable the clerk to enter the proceedings upon the record, and on the adjourned day in open session the proceedings

were read, approved, and signed, was not in violation of the statutory provision requiring such order to be entered in full upon the journal of the proceedings of the board that day, and to be signed by the chairman and clerk before final adjournment.

4. SAME—LOCAL OPTION—ELECTIONS—CANVASS OF VOTES.
Where the board, on the day provided by statute (section 5422, 2 Comp. Laws) for canvassing the result of such election, met and appointed a committee to tabulate the vote from the returns of the different precincts, and took a recess until the following day when the report of said committee and the returns were submitted and the proposition declared to be carried, was not fatal to the validity of the election; such provision being directory.

5. SAME—LOCAL OPTION—ELECTIONS—RESULT—PUBLICATION OF RESOLUTION.
The omission, by mistake, on the part of the board, to designate the newspaper in which the resolution declaring the adoption of local option was to be published does not affect the validity of the election, where, on the following day, the omission was discovered, the mistake corrected, and the publication made as directed.

6. SAME—LOCAL OPTION—ELECTIONS—FAILURE TO PERFORM MINISTERIAL DUTY.
In such proceedings, the failure of an officer to perform a purely ministerial duty does not affect the validity of an election.

Certiorari to Midland; Dodds, J.  Submitted March 16, 1909.  (Calendar No. 23,273.)  Decided March 23, 1909.

Mandamus by Joseph W. Madill to compel the common council of the city of Midland to approve a liquor bond.  There was an order denying the writ, and relator brings certiorari.  Affirmed.

*Brakie J. Orr* (*Fred G. Dewey* and *Herbert S. Orr*, of counsel), for relator.

*Ray Hart* and *Robert H. Lane*, for respondent.

The relator, a saloon keeper in the county of Midland, presented a liquor bond to the respondent under the general liquor law, asking for its approval. The respondent refused to accept the bond for the reason that the electors of Midland county at the preceding election had adopted prohibition. Relator then applied to the circuit court for the writ of mandamus to compel respondent to accept the bond. The circuit court held the election valid and confirmed the action of the respondent. The case is now before us upon the writ of certiorari. The question involved is the validity of the election wherein a majority of the electors voted for prohibition.

GRANT, J. (*after stating the facts*). 1. The first objection is that the clerk did not ascertain that one-third of the qualified electors of the county had prayed for the submission of the question. The clerk, being in doubt as to the validity of some of the petitions, filed the returns and affidavits with the board of supervisors at their regular January meeting. The board of supervisors examined the papers, poll lists, etc., and adopted the following resolution:

"Whereas, eighteen petitions from as many townships and wards of Midland county praying that the manufacture of liquors and the liquor traffic be prohibited in said county, have been laid before the board of supervisors at the present session of the board by the county clerk of said county, which petitions have been duly examined, and upon which it appears that such petitions have been signed by more than one-third of the qualified electors of said county, as shown by the returns and canvass of the general election for State officers held in said county in November, 1906. The board finds that the highest vote cast for any State officer in said county in the last general election was two thousand five hundred twenty-eight votes, and that said petitions have been signed by nine hundred and eighty-three electors of said county: Therefore, resolved, and it is hereby ordered, that the question whether the manufacture of liquor and the liquor traffic be prohibited in Midland county under the provisions of Act No. two hundred seven (207), of the Public Acts of 1889, and

the acts amendatory thereof and supplemental thereto, be submitted to the qualified electors of the said county at the next general election of township officers in the several townships, villages and cities in Midland county, to be held on the first Monday in April, 1908, to ascertain whether or not it is the will of the electors of the county that the manufacture of liquor and the liquor traffic should be prohibited within the limits of the county."

The finding by the clerk is not a jurisdictional prerequisite to the action of the board of supervisors. His finding is not conclusive. Section 6 of the act (2 Comp. Laws, § 5417) requires an examination and determination of the question by the board of supervisors. The real question at that stage of the proceedings is whether the requisite number of electors have signed the petitions. The duty rests finally upon the board of supervisors to make this determination, and their action thereon is made final both by the statute and by the decisions of this court. *Thomas* v. *Abbott*, 105 Mich. 687; *Attorney General* v. *Van Buren Circuit Judge*, 143 Mich. 366.

2. Several objections are raised upon the sufficiency of the affidavits. The determination of all such questions is by the law lodged in the board of supervisors, and their action made final. In addition to the authorities above cited, see, also, *People* v. *Hamilton*, 143 Mich. 1.

3. After the adoption of the above resolution and doing other business, on the 18th day of January, the board took a recess until January 22d at 11 o'clock a. m., to allow time for the clerk to enter the proceedings in the record book. On the 22d the board met, and the proceedings of the 18th were read, approved, and signed in open session. The statute (section 5417) requires that "such order shall be entered in full upon the journal of the proceedings of the board that day, and the same shall be signed by the acting chairman and clerk of the board, before final adjournment." The statute does not require that the proceedings shall be entered and signed on the very day of the proceedings. It only requires them to be entered upon the journal of the proceedings for the day, and to be

signed before final adjournment. It is immaterial whether we call the action of the board a recess or an adjournment. It would probably be impossible in many cases to enter the proceedings upon the record and have them signed the day in which they took place. The board had adopted a rule that, "at any time that the board remains in session for the space of two hours without any business, it shall adjourn for the term." The same power that made the rule can suspend it. But the rule is not applicable to an adjournment or recess for the purposes specified in this act.

4. Several objections are made similar to those raised and decided in *Thomas* v. *Abbott,* supra. The return denies the material statements made in the petition upon these points, but aside from this denial the case, as the court found, comes directly within the decision of *Thomas* v. *Abbott,* 105 Mich., at page 692. See, also, *Attorney General, ex rel. Scott,* v. *Glaser,* 102 Mich. 396.

5. It is next insisted that the election is void because the board of supervisors did not ascertain, determine, and declare the result of the election on the first Monday thereafter. The board met on the first Monday (the 13th of April) and appointed a committee of five to tabulate the vote from the returns presented from the various voting precincts. The board took a recess until 8:30 a. m. the following morning, to enable the committee to complete their labors. At that time the reports and the returns were submitted and the proposition declared carried. The statute (2 Comp. Laws, § 5422) requires:

"The canvass, determination and declaration of the result, together with a tabular statement of all the votes cast, shall be entered in full upon the journal of their proceedings for that day, and the same shall be signed by the acting chairman and the clerk of the board."

It would be a travesty upon justice to hold that the will of the electors must be defeated by the omission on the part of the board, or an inability on their part, to perform this duty on the precise day fixed; but the statute does

not contemplate that the board of supervisors must accomplish this work on the first Monday after the election. The same section (5422) provides that if any such statement or poll list shall not be made, certified, or returned as provided, the board of supervisors may at such meeting send for the same and require the same to be certified and made, etc.    It is manifest that this requirement could not be complied with on the very day the supervisors meet to canvass the returns.    The court properly held this requirement of the statute directory.    *Attorney General, ex rel. Scott,* v. *Glaser,* supra.

6. It is also insisted that the election is void because the board of supervisors, in the resolution announcing that the proposition was carried, did not specify the newspapers in which the resolution was to be published.    In that resolution, which is required by section 13 (2 Comp. Laws, § 5424), the board closed the resolution with the following:

"That a copy of this preamble and resolution be published without delay once in each week until the first day of May next in 1908, a newspaper published and circulated in said county."

By some error the newspaper was not designated in that part of the resolution.    The statute does not require that that designation shall be contained in the resolution declaring the proposition carried.    Section 14 (2 Comp. Laws, § 5425) requires the clerk to cause publication to be made in a newspaper published and circulated in the county to be designated by the board.    It was undoubtedly the intention of the board to meet this requirement in the resolution declaring the vote carried, which would have been proper.    On the following day they discovered their mistake and passed a unanimous resolution directing the publication in three newspapers, naming them. The publication was made as directed, and due affidavits of publication made and filed.    The designation was timely and in compliance with the law.

7. The last objection relates to the alleged failure of the

county clerk to record the affidavits of publication, together with the resolution, within the time and at the proper place, upon the records of the board of supervisors. Such record is not made a condition to the validity of the election. The statute provides (section 5426):

"The prohibitory provisions of this act shall take effect and have full force within such county of this State on or after the first day of May, immediately following the adoption by the board of supervisors of such county of a resolution ordering such prohibition and upon the publication of the notice of the adoption of said resolution."

The adoption of the proper resolution and the publication of a notice of its adoption are the only conditions required to put the law in force. The clerk acts in a ministerial capacity in recording these resolutions, and the will of the electors cannot be thwarted by his failure to properly perform a ministerial duty. *People* v. *Hamilton*, supra.

The judgment is affirmed, with the costs of both courts to the respondent.

MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.