WERSTEIN v. BOARD OF SUPERVISORS OF CALHOUN
COUNTY.

1. Intoxicating Liquors — Local Option — Petitions — Withdrawal of Names.

Signers to a petition for the submission to the voters of the question of prohibiting the manufacture and sale of intoxicating liquor in the county may not withdraw therefrom after the petition has been filed with the county clerk.

2. Same — Local Option — Petitions — Sufficiency — How Determined.

Under section 5417, 2 Comp. Laws, as amended by Act No. 183, Pub. Acts 1899, the determination of the board of supervisors that a sufficient number of the qualified voters of the county had petitioned for the submission of the question of prohibiting the manufacture and sale of intoxicating liquor in the county is final.

3. Same—Local Option—Elections—Voters—Qualifications.

One who is a registered elector is a qualified voter, under the local option law, although his name does not appear upon the poll lists.

Certiorari to Calhoun; North, J.  Submitted March 23, 1909.  (Calendar No. 23,270.)  Decided March 26, 1909.

Mandamus by Leopold Werstein and others to compel the board of supervisors of Calhoun county to reconvene and set aside proceedings for the submission of the question of prohibiting the manufacture and sale of intoxicating liquor in said county.  There was an order denying the writ, and relators bring certiorari.  Affirmed.

*J. M. & J. L. Powers* (*Fred A. Baker* and *William C. Manchester*, of counsel), for relators.

*Howard W. Cavanagh*, for respondent.

OSTRANDER, J.   The board of supervisors of the county
of Calhoun, in January last, determined to submit to the
electors the question of the prohibition within the county
of the manufacture of liquor and the liquor traffic.   Upon
the application of certain persons claiming to be inter-
ested, the circuit court for that county granted, and there
was issued and returned, an order to said board to show
cause why it should not reconvene and set aside the pro-
ceedings in the premises.   An answer was filed, was tra-
versed as to various facts therein stated and as to various
denials of allegations of the petition, and relators asked
for an order framing various issues for trial.   This order
was refused, and, after hearing counsel, the writ of man-
damus was refused.

In several counties of the State similar proceedings
were instituted at about the same time, were determined
in the circuit courts, and applications were made for writs
of certiorari to review such determinations.   Writs were
allowed in the cases where it appeared to be claimed that
the record of the board of supervisors itself showed a fail-
ure or refusal to observe and obey statutory requirements.
In granting the writs it was not supposed that any doubt
would be created of the authority of *Friesner* v. *Com-
mon Council of Charlotte*, 91 Mich. 504; *Covert* v.
*Munson*, 93 Mich. 603; *Thomas* v. *Abbott*, 105 Mich.
687; *Attorney General* v. *Van Buren Circuit Judge*,
143 Mich. 366—in each of which cases it is held that the
courts may not review the determination of the board as
to "the sufficiency of the petitions and the requisite num-
ber of electors signing the same."   In the matter now be-
fore us it appears from the record of the board that such
a determination was made.   The contention here of plain-
tiffs in certiorari, relators below, as we understand it, is
that it also appears from the record of the proceedings of
the board that it denied its power or its duty, or both, to
determine whether those who signed the petition were
qualified electors, and did determine that the affidavits
attached to the petitions were conclusive.   It is also

claimed that the record of proceedings of the board shows affirmatively that a large number of those signing the petitions applied to withdraw therefrom after the petitions had been filed with the county clerk.   The record does fairly support both of these contentions.   The last one is disposed of adversely to relators upon the authority of *Koerber* v. *Board of Sup'rs of Ionia Co.*, 155 Mich. 677, and *Fischer* v. *Board of Sup'rs of Washtenaw Co.*, ante, 1.   The petitions were not, it seems, accompanied by poll lists.   Attached to each petition was an affidavit conforming with the statute.   The petitions having been laid before the board, it was required to and did act.   It made a determination, and, both as to the sufficiency of petitions and as to the requisite number of electors signing the same, the legislature has made such determination final.

If it could be said that the board did not in fact attempt to take any action other than to count names, and that what is now asked for is not a review of an alleged determination, but an order requiring a determination to be made, we should still be obliged to affirm the order of the circuit court.   It appears from relators' own showing that, unless qualified electors within the meaning of this statute are those only whose names appear upon the poll lists, the petitions were in fact signed by a sufficient number of qualified and registered electors.   We have no doubt that a registered elector is a qualified elector within the meaning of the act.

The order of the circuit court is affirmed, with costs to respondent.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.