FLANDERS *v.* BOARD OF SUPERVISORS OF VAN BUREN COUNTY.

1. Intoxicating Liquors—Electors—Petition—Local Option—Qualification of Petitioners.

   The boards of supervisors, to whom petitions for the submission of the issue of prohibiting the manufacture and sale of intoxicating liquors are presented, are not authorized to go behind the petitions and affidavits required by statute to determine the qualifications of the petitioners.

2. Same—Mandamus—Interest of Relator.

   Qualified electors who sign petitions have such a legal right and interest in the matter that they may maintain mandamus to compel the supervisors to perform their legal duty.

Certiorari to Van Buren; Des Voignes, J. Submitted February 16, 1910. (Calendar No. 23,859.) Decided February 25, 1910.

Mandamus by Garfield S. Flanders to compel the board of supervisors of Van Buren county to reconvene and pass upon certain petitions and call an election under the local-option law. An order denying the writ is reviewed by relator on writ of certiorari. Reversed.

*Thomas J. Cavanaugh* and *Cook & Chandler* (*William C. Manchester*, of counsel), for relator.

*David Anderson, Lincoln H. Titus, Earl L. Burhans, O. W. Rowland*, and *Glenn E. Warner*, Prosecuting Attorney, for respondent.

MONTGOMERY, C. J. This is certiorari to review the action of the circuit judge in refusing a mandamus to compel the respondent to reconvene and pass upon the petitions presented, and call an election under the local-option statute, so called. It appears by the original petition and answer in the court below that petitions were presented to the board containing the names of 2,757 alleged voters of the county; that there were attached to the petitions affidavits complying with the statute in all respects, except as to the township of Columbia, in which the affidavit of posting failed to state the particular places in the township where the affidavits were posted. The board of supervisors held that the evidence of posting notices in the township of Columbia was not sufficient in form and excluded that township from their computation. But, excluding this township, there were still a sufficient number of names to constitute one-third of the electors of the county if all the names appearing upon the petitions were counted. The board, however, determined, and just upon what evidence is not made clear, that certain of those whose names appeared upon the petitions, to the number of 224, were not qualified electors, and that by excluding these names and excluding the petitions from the township of Columbia, the election had not been prayed for by one-third of the electors of the county.

On the hearing in the court below, the circuit judge was

of the opinion that the board acted lawfully in excluding the 224 names from their consideration, and also in excluding the township of Columbia, and also held that the mandamus should not be granted, for the reason that the petitioner had not shown himself entitled to institute the proceeding, as he had shown no peculiar interest in the matter other than that which any citizen or individual of the county might have had.

Apart from the questions involved relating to the township of Columbia, all the questions that have been presented in this case have been discussed in the two opinions of *Rutledge* v. *Board of Sup'rs of Marquette Co., ante,* 22 (124 N. W. 945), and *Kern* v. *Board of Sup'rs of St. Clair Co., ante,* 11 (124 N. W. 941), in each of which cases opinions were filed. The substance of these two opinions is that the board of supervisors has no power to go behind the petitions and affidavits presented in determining the qualifications of those whose names appear upon the petitions. As was said in *Kern* v. *Board of Sup'rs of St. Clair Co.:*

"It is suggested that the affidavits of genuineness of signatures, and of posting the required notices, are only *prima facie* evidence of those facts. Grant that it would not be conclusive in courts of justice in some cases, is it merely *prima facie* evidence? It is certainly substantial evidence whether perjury could be predicated upon such affidavits or not (3 Comp. Laws, § 11306)—a question we do not discuss—and in our judgment it was entirely competent for the legislature to make it conclusive evidence of the facts required, if thought advisable. They evidently did think it advisable for that is what was said.

"We must not lose sight of the object of this law. It was to take the sense of the community as to the application of one or another law relating to the sale of liquor, not in the interest of individuals, but of the public. There was an evident intention to avoid expense and disturbance of existing conditions lightly, and the legislature made certain requirements a preliminary to action. It might have fixed this or any of many other methods of testing the desire for an election, and might have gone to great lengths in ascertaining it with certainty. It might

have omitted this test altogether, or it might, as it did, provide an *easy* and inexpensive and expeditious *method* of ascertaining, with a *reasonable degree* of certainty, how general such a desire is, without submitting the matter to a sort of judicial inquiry before the board or courts of justice to ascertain whether there was a technical want of compliance or a fraudulent attempt to secure action, of neither of which was there any great probability. We consider this a ministerial matter from beginning to end. The legislature carefully pointed out the procedure, and to our minds as plainly indicated an intent that it should not be subjected to the delays and obstacles that might be devised by persons interested in preventing a vote upon the question."

And in *Rutledge* v. *Board of Sup'rs of Marquette Co.*, *supra*, it was said by Mr. Justice MOORE, referring to the *Kern Case:*

"A reference to it will show that the board may not, by extrinsic testimony, enter upon the sufficiency of the posting of the notices, nor whether the signatures were fraudulently obtained, nor whether they were the signatures of qualified electors."

We also think that the relator showed himself to be entitled to bring this proceeding. A fair construction of the petition, which contains this language: "Comes now Garfield S. Flanders of said county of Van Buren and State of Michigan, in his own behalf and in behalf of 2,757 other persons and qualified electors whose names were signed to certain petitions, hereinafter more specifically referred to as relators herein, and who all have a common interest and a legal right in the matters and things hereinafter alleged, and complains," etc.—is that the relator and the other persons named were qualified electors, and were signers of the several petitions; and we think it should be held that these parties, having instituted this statutory proceeding, beginning with the petitions, a step in which is action imposed by the law upon the board of supervisors, are entitled to have the board take the action which the statute contemplates, and have a legal right to enforce the performance of that duty. In a num-

ber of cases this right has been exercised and a remedy afforded upon similar applications; and, while the point has not been raised and discussed, we are all agreed that the relator in this proceeding has such a special interest in this matter as to entitle him to the writ.

The order of the circuit court will be reversed, and an order entered directing the board of supervisors to reconvene and determine the question, basing the same upon the face of the petitions which they find to have been regularly posted, and excluding from their consideration other evidence as to the qualifications of electors.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.