CRAWFORD v. BOARD OF SUPERVISORS OF GRATIOT COUNTY.

1. INTOXICATING LIQUORS—LOCAL OPTION — ELECTIONS — QUALIFICATIONS OF PETITIONERS.
    The action of the board of supervisors in passing on the qualification of signers of a local-option petition may be reviewed by the court on mandamus.

2. SAME—AFFIDAVITS—SUFFICIENCY—TIME.
    Under 2 Comp. Laws, § 5415, affidavits that copies of the local-option petitions have been posted ten days prior to their presentation to the county clerk must be made after the lapse of the ten-day period in order to comply with the statute.

3. SAME—AFFIDAVITS—TIME OF FILING.
    The affidavit need not show that the petitions posted have remained in place during the ten days, nor need the petition be filed or the posting be done on any particular day.

Certiorari to Gratiot; Searl, J. Submitted February 16, 1910. (Calendar No. 23,861.) Decided February 26, 1910.

Mandamus by Herbert J. Crawford and John H. Watson to compel the board of supervisors of Gratiot county to reconvene and submit the question of the prohibition of the manufacture and sale of intoxicating liquor to an election. An order denying the writ is reviewed by relators on writ of certiorari. Affirmed.

*Stone & Watson*, for relators.

*John M. Everden* (*O. G. Tuttle*, of counsel), for respondent.

OSTRANDER, J. Certain petitions, presented under provisions of Act No. 207, Pub. Acts 1889 (2 Comp. Laws, §§ 5412–5435), as amended by Act No. 183, Pub. Acts 1899, were presented to the board of supervisors of Gratiot county, considered, and disposed of by the adoption, by a vote of 17 to 8, of the following committee report:

" The special committee appointed at this session on the petition for local-option election, reported through Supervisor Ely, and which Supervisor Ely moved that the report be received, accepted, adopted, placed upon the records as the finding of this board.

" 'To THE HONORABLE BOARD OF SUPERVISORS FOR GRATIOT COUNTY, MICHIGAN.

" '*Gentlemen:* Your committee to whom was referred the matter of the local-option petition, so called, have thoroughly examined and considered the same and respectfully report thereon as follows:

" '1st. There are not the requisite number of petitioners upon legally authenticated petitions to authorize this board to submit the question to the electors of this county; and that the submission of the local-option question has not been prayed for by the requisite number of electors.

" '2nd. We therefore recommend that the prayer of the petitioners be denied.

" 'All of which is respectfully submitted.' "

Thereupon certain of the petitioners applied to the circuit court for Gratiot county for a writ of mandamus to compel the board, which in the meantime had adjourned, to reconvene, and by resolution and order submit to the electors of the county the question whether the manufacture of liquors and the liquor traffic should be prohibited in the county. There was an answer made by the chairman of the board, a hearing, and a denial of the writ. Plaintiffs in certiorari, who were relators below, present three matters for our consideration. They are:

*First.* Is the answer or return of the respondent sufficient to justify the ruling that the facts therein stated must be taken to be true; no issues having been framed ?

*Second.* Is the action of the board—its determination—final and not reviewable by the court ?

*Third.* Does the statute (2 Comp. Laws, § 5415) require the affidavits of posting, etc., to be made after the expiration of 10 days after the posting was done ?

The first question does not become important, because it is made to appear by the petition for mandamus and the answer that the action of the board was warranted.

The second question is disposed of by *Flanders* v. *Board of Sup'rs of Van Buren Co., ante,* 27 (124 N. W. 1101). See, also, *Keefer* v. *Board of Sup'rs of Hillsdale Co.,* 109 Mich. 645 (67 N. W. 981).

The third question involves the application and the construction of 2 Comp. Laws, § 5415. For convenience the provision is set out here at length:

"(5415) Sec. 4. To enable the county clerk to ascertain that the petitioners thus praying for such an election are qualified electors of such county, and that they constitute at least one-fourth of all the electors of such county, as shown by the poll list or the returns and canvass of the last preceding general election. To enable each and every elector to determine for himself if his name has been fraudulently attached to said petition, it is hereby required that the signatures of all the petitioners residing in any one and the same township, ward or election district, shall be attached to one petition or list, separate from those of any

other township, ward or election district, and that an exact copy of said petition and of all the signatures thereto shall be posted in three of the most conspicuous places in the said township, ward or election district for at least ten days immediately prior to its presentation to the county clerk. Every such petition shall be accompanied by a transcript of the poll list, if it can be procured, of the last preceding general election, held in such township, ward or election district, certified as correct by the township, city or county clerk, as the case may require, and also an affidavit or affidavits, by one or more resident electors of such township, ward or election district, stating therein that an exact copy of such petition, and of all the signatures thereto, has been posted in three of the most conspicuous places in such township, ward or election district, for at least ten days immediately prior to its presentation to the county clerk; and that he or they are personally acquainted with said petitioners and know that they reside within such township, ward or election district, and that the signatures are the genuine signatures of the persons signing the petition, and of the persons whose names severally appear upon such transcript of the poll list, or if such transcript shall not have been procured, then that the persons whose names are attached to said petition are, to the best of his knowledge and belief, qualified electors in such township, ward or election district: *Provided, however,* That, if for any reason a certified transcript of any poll list shall not have been procured, or if such transcript shall be defective, it shall be sufficient if the whole number of all the petitioners is equal to one-fourth of the number of all the qualified electors of such county, as shown by the returns or county canvass of the last preceding general election."

The poll lists did not accompany the petitions. The petitions were filed with the county clerk on January 8, 1910. It appears upon the face of the affidavits that copies of the lists were posted on various days from December 23 to December 27, 1909. Several of the affidavits were made on the day of posting, several on the succeeding day. It is clear, therefore, and the fact appears upon the face of the affidavits, that when they were made, none of the affiants could truthfully have deposed, as the statute expresly requires that he should do, and as he did, that an exact

copy of the petition "has been posted in three of the most conspicuous places  *  *  *  for at least ten days immediately pior to its presentation to the county clerk." We need not enter upon a discussion of the possible or probable legislative reasons for this express requirement. It is a requirement which may be easily complied with. We do not construe the provision as one requiring an affiant to depose that, after posting, the matter posted has remained in position to the day of filing the petition with the county clerk. The original petitions are not required to be filed upon any particular day. The posting is not required to be done on any particular day. But when the petitions are filed, they must be accompanied by an affidavit stating two essential facts: One, that an exact copy has been posted; the other, that the posting occurred at least 10 days prior to the time of filing the original with the clerk. We have held that the statute confines the board of supervisors to the face of the petitions and accompanying affidavits. It is obvious that no one can truthfully depose on the same day on which he posted a copy of the petition that the copy has been posted at least 10 days before its presentation to the county clerk. We have in various cases construed this law in such manner as to give it effect in accordance with the apparent spirit and purpose of the law. It is not necessary, in order to give the law effect, if indeed any consideration would support such action, to strike out of the statute the express requirement which has here been disregarded. There are other defects in the affidavits which we need not consider. We agree with the learned circuit judge that the third question hereinbefore stated should be answered in the affirmative.

The judgment is affirmed, but no costs are awarded.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.