PEOPLE v. FISCH.

1. INTOXICATING LIQUORS—PUBLICATION OF RESOLUTION—BOARD OF SUPERVISORS—LOCAL-OPTION LAW.

The designation either of every newspaper in the county or of a paper named and every other newspaper, was a sufficient designation of the paper in which to publish the resolution of the board of supervisors declaring the adoption of prohibition in the county, under Act No. 207, Pub. Acts 1889 (2 Comp. Laws, § 5412 *et seq.*).

2. SAME—RESOLUTION OF SUPERVISORS—CLERK'S DUTIES.

    Evidence that the clerk of the board received the affidavit of publication and on May 2d spread it on the record by pasting the same in the record, and certifying the date thereon, shows a sufficient compliance with the statute requiring him to spread it on the record.

3. SAME.

    That the certificate of the clerk merely gives the date of affixing the affidavit instead of the date of filing, does not invalidate the record where it appeared that the same was not in his office on the preceding day.

Error to Presque Isle; Emerick, J. Submitted January 20, 1911. (Docket No. 196.) Decided March 13, 1911.

Fred Fisch, Sr., was convicted of violating the local-option law. Affirmed.

*Dafoe & Johnson,* for appellant.

*Franz C. Kuhn,* Attorney General, and *George A. Morris,* Prosecuting Attorney (*Henry & Henry,* of counsel), for the people.

HOOKER, J. Defendant was convicted of violating the local-option law, and has appealed, claiming that it does not appear that such law was in force in the county.

The errors alleged and relied on appear to be that the resolution of the board as to publication was invalid, in that:

1. It omitted to name and designate a newspaper. We understand the admitted fact to be that, as originally adopted, the resolution required "publication in every newspaper within the county." This was amended the following day to read "in the Presque Isle News and all the other newspapers in the county." Either was a sufficient designation to comply with the law. See *Madill v. Midland Common Council,* 156 Mich. 56 (120 N. W. 355).

2, 3. That the clerk failed to indorse the filing and fact of filing on the affidavit of publication on the day of its delivery to him, and that he did not spread the affidavit of publication on the records of the official proceedings of the board. The law (2 Comp. Laws, § 5425) provides:

" Such original affidavit of publication shall be filed with the clerk of the board of supervisors and he shall spread the same on the records of the board, following the record of the adoption of the resolution of prohibition, and the said clerk shall state next on the record the date when said notice and affidavit of publication was entered for record, and shall sign the record officially."

This is what was done: The affidavit was delivered to the clerk, and on May 2d the original affidavit was posted upon the record of the board of supervisors following the record of the adoption of the resolution of prohibition. This was done on the 2d day of May; the affidavit having been sworn to before a notary on April 30th. It is evident that this affidavit was delivered to the clerk on or before May 2d. That was a sufficient "filing with the clerk" under the statute, which does not in express terms require him to indorse anything upon it. Moreover, an examination of the record at the hearing showed that the filing was indorsed on the affidavit, being concealed by pasting. It was then his duty to spread the same upon the records, etc. He did literally spread the original affidavit on the record by pasting it there, and this was in exact compliance with the exact terms of the statute, which requires that such original affidavit " * * * shall be filed with (not by) the clerk and he shall spread the same (i. e., the original affidavit) on the records," etc. We do not mean to imply that a transcription of said affidavit would not have been a compliance with the law, but we hold that the course taken was valid.

4. The further contention is made that the clerk failed to comply with the requirement that—

" The said clerk shall state next on the record the date

when said notice and affidavit of publication was entered for record, and shall then sign the record officially."

What was done is shown by the entry:

"The above proof of publication was affixed to this page on the 2d day of May, A. D. 1910."

We must necessarily infer from this record that the affidavit was entered on or before May 2d, and after April 30th. Respondent's brief states that it was not in the clerk's office on May 1st. It certainly appears that it was not received after May 2d, and we are of the opinion that this was sufficient. It was filed May 2d. See *Madill* v. *Midland Common Council,* 156 Mich. 61, 62 (120 N. W. 355); *Bauer* v. *Township Board of Denmark,* 157 Mich. 395 (122 N. W. 121); *Wightman* v. *Village of Tecumseh,* 157 Mich. 330 (122 N. W. 122); *People* v. *Hamilton,* 143 Mich. 1 (106 N. W. 275).

It is unnecessary to refer to other questions raised, as they are covered by what has been said.

We find no error, and the judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, and MCALVAY, JJ., concurred.