ANKER *v.* BOARD OF SUPERVISORS OF IOSCO COUNTY.

1. MANDAMUS—CERTIORARI—REVIEW—ORDER TO SHOW CAUSE.
   The allowance of the preliminary writ of mandamus is not a matter of right but of judicial discretion; if the petition upon its face fails to state facts that would warrant the issuance of the writ, the order to show cause may be refused.

2. SAME—DISCRETION.

And as the denial of an order to show cause does not finally dispose of the application, which may be amended if the facts permit of amendment, or a new petition may be presented, the writ should not be allowed upon a defective petition that would require a body of public officials to convene at large expense.

3. INTOXICATING LIQUORS—CERTIORARI—ELECTION.

Although other reasons required the lower court to grant the preliminary writ, it was not error to refuse an order to show cause why the Iosco supervisors should not meet and rescind their action in proposing to submit to the electors the question of prohibiting the liquor traffic in that county, denied by the lower court, for the reason that the petitions for submitting the question were filed after the regular October session of the board had been adjourred and before the January session: it being proper to consider the proposition at the adjourned meeting.

4. SAME—PETITION—SEPARATE PORTIONS—POSTING.

While but one petition may be circulated in any one township, ward or election district, such petition may be in the form of several sheets, headed alike, if they are later attached together and duly posted.

5. SAME—APPEAL AND ERROR—SUFFICIENCY OF PETITIONS.

The determination of the board to submit the local option issue to a vote upon an insufficient petition was reviewable and was not conclusive on the circuit court.

Certiorari to Iosco; Widdis, J. Submitted March 11, 1916. (Calendar No. 27,198.) Decided March 30, 1916.

Mandamus by Samuel Anker against the Board of Supervisors of Iosco County to compel respondent to reconvene and rescind their action in submitting to the vote of the qualified electors of said county the question as to whether the manufacture of liquors and the liquor traffic should be prohibited within said county. An order denying the writ is reviewed by relator on certiorari. Reversed.

*William A. Collins*, for relator.

*Edwin Rawden* and *Albert W. Black*, Prosecuting Attorney, for respondents.

PERSON, J. On the 27th day of January, 1916, a resolution was passed by the board of supervisors of Iosco county, submitting the question of local option to the electors of that county at the coming spring election. Plaintiff, believing the proceedings for such submission defective, filed a petition for a writ of mandamus, requiring the supervisors to reconvene and rescind their action. This petition was presented to the circuit judge, with a request that he allow the usual order to show cause. Upon consideration the circuit judge declined to allow the order, and, instead thereof, made and entered another order, denying the prayer of the petition. That prayer was not for the order to show cause, but for a writ of mandamus, directing the board of supervisors to reassemble and rescind their action in submitting the question of local option, and, further, that they deny the local option petitions. The plaintiff, evidently apprehending that this order amounts practically to a final disposition of the whole matter, has brought the proceedings to this court by writ of certiorari.

Undoubtedly the allowance of an order to show cause, upon the filing of a petition asking for a mandamus, is a matter of judicial discretion, and not a matter of right. If the petition, upon its face, fails to state facts entitling the petitioner to the writ, the order may rightly be denied. *Attorney General* v. *Circuit Judge*, 143 Mich. 366 (106 N. W. 1113).

Especially should the order to show cause be denied, when the petition is defective, if to grant it would require a large body of public officials to reconvene at considerable expense. The refusal of the order does not operate in the least as a final disposition of the ap-

plication, which may be amended, if that is warranted by the facts, or a new one may be filed.

But the denial of the prayer for the writ of mandamus itself is quite another thing. That is a final order, and should be made, ordinarily, only upon the submission of the case. We are not sure that the circuit judge intended to do more than deny the order to show cause, but the language of his order is susceptible of the other interpretation.

Nor are we able to agree with the circuit judge that the order to show cause should have been refused. Two objections to the proceedings of the board of supervisors were raised by the petition, and are argued here. The first of these was, in substance, that the petitions, asking that the question of local option be submitted, were filed on the 17th day of November, 1915, after the regular October session of the board had been adjourned, and were presented to the board, and acted upon by it, at its adjourned term in January, 1916. It is the contention of plaintiff that such petitions must be on file prior to a regular annual meeting of the board. We cannot agree with this contention. *Crawford* v. *Board of Supervisors,* 160 Mich. 31 (124 N. W. 1103). Had this been the only objection to the submission, the circuit judge would have been justified in refusing the order to show cause.

The other objection was based upon an alleged state of facts, thus set forth in the petition for mandamus:

*"Fourteenth.* That the petitions from the township of Plainfield are in four separate petitions, with the signatures signed upon four separate sheets of paper, each headed with the form of the petition, and that accompanying said four petitions there are three affidavits, and that one of said petitions is marked 'Exhibit 4,' and that the other three petitions are not marked or identified in any manner.

*"Fifteenth.* That one of the affidavits attached to said petitions from Plainfield township is made by

Orvid S. Nichols, and that said affidavit is with reference to the authenticity of the names attached to Exhibit 4 so marked, only, and that the affidavit signed by Louis La Burge alleges as to the authenticity of the names on Exhibit 4, and alleges that Exhibits 1, 2, 3, and 4 were posted at the post office at Ellake, and the affidavit of O. D. Fox alleges the authenticity of the names on Exhibits 1, 2, and 3, and alleges the posting of Exhibits 1, 2, 3, and 4 at the town hall at Hale and at the post office at Hale."

It was held in *Heyer* v. *Board of Supervisors, ante,* 184 (156 N. W. 445), that while but one petition may be circulated in any one township, ward, or election district, yet, that such petition may be circulated in the form of several sheets, headed alike, if such sheets are subsequently attached together as one petition, and a copy thereof, thus attached, is duly posted. It must be admitted that the language of the application for mandamus is not as clear as it might have been made regarding the four petitions alleged to have been circulated in the township of Plainfield. If they were attached together, after the names had been obtained, and a copy posted as of a single petition, the course pursued would have been authorized under the decision above referred to. The brief filed for the circuit judge says they were so attached, but we are unable to find any foundation for this statement in the record. But the application for mandamus apparently charges that there yet remain four separate petitions, after the posting and filing have taken place. At any rate, as the names upon these petitions were required to make up the proper number, the allegation seems positive enough to require the allowance of the order to show cause why the writ of mandamus should not issue.

It was evidently the opinion of the circuit judge, as indicated by his order, that even if there were four separate and distinct petitions from the one township,

the determination of the board was yet conclusive and not reviewable by the court. In this he was mistaken. *Werstein* v. *Board of Supervisors,* 156 Mich. 63 (120 N. W. 354) ; *Graham* v. *Board of Supervisors, ante,* 162 (156 N. W. 344) ; *Heyer* v. *Board of Supervisors, supra.*

The order appealed from is reversed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.