## MOYER *vs.* STRAHL.

APPEAL FROM CIRCUIT COURT, PIERCE COUNTY.

Heard July 30, 1859.]        [Decided December 14, 1859.

*Appeal—Frivolousness—Usury.*

Where the clerk of the circuit court makes a mistake in dating the time when an appeal is filed with him, or does not file it on the day it is served upon him, the party appealing will not thereby be deprived of his right to take the appeal.

An answer which avers that the note on which the action is brought, was made payable in Minnesota, for the express purpose of evading the usury laws of this State, and also avers the usury, will not be declared frivolous, on a motion for judgment for that reason. Such an answer is not so clearly untenable and insufficient, that the court could determine its character upon inspection, without argument or research.

The cases of *Van Slyke vs. Carpenter*, 7 Wis., 173; *Grubb vs. Remington*, id., 349; and *Farmers' and Millers' Bank vs. Sawyer*, id., 379, considered and approved.

This is an action commenced by the respondent, John Moyer, against the appellant, O. Strahl, on a promissory note, made by the appellant, together with one S. R. Gunn, dated at Prescott, Wisconsin, June 26th, 1857, payable to A. P. Manning, or order, for the sum of $1,150, at St. Paul, Minnesota, due six months after date, with interest, at 12 per cent. per annum, from date. The note had been endorsed by the payee, and transferred to the respondent. The complaint was served on the 9th day of October, A. D. 1858, and was in the usual form, and verified. The answer of the appellant, which was also verified, set forth that in the making of the note there had been usurous transactions; that the real amount was $1000, and the $150 had been added, by way of usury; that the note was made payable at St. Paul, for the express purpose of evading the laws of Wisconsin, and not as the *bona fide* place of payment. The answer further averred payment of the sum of one thousand, which was, in fact, full payment for the note.

The plaintiff then moved the court for judgment, for the frivolousness of this answer. The motion was allowed, and judgment for the full amount claimed, $1,174 87, and costs; from which the defendants appealed to this court.

*Wise & White*, for the appellant.

*Hill & White*, for the respondent.

*By the Court*, COLE, J.   A motion has been made to dismiss this appeal, for the reason, that it was not taken within thirty days, as required by the code. The order appealed from was entered on the 27th of November, and notice thereof given to the opposite party. The notice of appeal, which was served upon the clerk, is endorsed, filed, December 28. One of the attorneys, however, for the appellant, has

made and filed an affidavit, in which he states, that the original notice of appeal was served upon the clerk, the same day that a copy thereof was served upon the attorney for the respondent, and that both services were made on the 23d of December. There is no counter affidavit filed, and we therefore are forced to believe that the clerk either made a mistake in dating the time the notice of appeal was filed, or that he did not file it the day it was actually served upon him. In either case, it would be hard to deprive the appellant of his right to an appeal on account of the mistake or default of the clerk, in filing the notice. The motion to dismiss the appeal is therefore denied.

The appeal was from an order adjudging the answer of the appellant frivolous. An examination of the answer will clearly show that it is not frivolous, within the decisions of this court, in the cases of *Van Slyke vs. Carpenter et al.*, 7 Wis., 173; *Grubb vs. Remington*, id., 349; and *The Farmers' and Millers' Bank vs. Sawyer*, id., 379. If its allegations in respect to the usurous agreement should be sustained, by proper evidence, and it should be proven that the note was made payable in Minnesota for the express purpose of evading the usury laws of this State, it would present a serious question as to whether this did not constitute a good defence to the action. But it is not necessary for us to express any opinion upon the sufficiency of this answer, and whether it discloses a state of facts constituting a good defence or not, and we must not be understood as doing so. It is manifest, that the answer is not so clearly untenable and insufficient, that the court could determine its character upon inspection, without argument or research. It admits of great doubt as to whether it does not set up a good defence.

The order of the Circuit Court adjudging the answer frivolous, must be reversed, and the cause remanded for further proceedings, according to law.