FIRST WISCONSIN NATIONAL BANK OF MADISON, Plaintiff-Respondent, v. NICHOLAOU, and another, Defendants-Appellants.†

Supreme Court

*No. 77–595.  Submitted November 2, 1978.—*
*Decided January 30, 1979.*

(Also reported in 274 N.W.2d 704.)

† Motion for reconsideration denied, without costs, on March 27, 1979.

For appellants: *Ronald R. Ragatz* and *DeWitt, McAndrews & Porter, S.C.,* of Madison.

For respondents: *Ross & Stevens, S.C.,* of Madison.

*PER CURIAM.*

Plaintiff-respondent has petitioned to appeal a decision of the court of appeals reversing a judgment for the plaintiff, in an action for deficiency judgment after repossession and sale of a motor vehicle subject to a consumer installment sale and security agreement. Defendants being in default under the terms of the contract, plaintiff repossessed the vehicle in California by self help. This was permissible under California law. If done in this state, it would have violated the provisions of sec. 425.206, Stats. The court of appeals held that the Wisconsin law governing repossession was applicable because of a provision in the contract that it was to be governed by the laws of Wisconsin.

Before deciding whether to take this case, we must consider a motion on behalf of defendants-appellants to

dismiss the petition to appeal on the ground that it was late. The court of appeals decision in this case was dated September 20, 1978. The petition to appeal was mailed to the clerk of this court on October 20, 1978. It was not received until October 23, 1978. Section 808.10, Stats., provides that a decision of the court of appeals is reviewable *only* by a petition to appeal which is granted by the supreme court. The petition *shall* be filed within 30 days of the date of the decision of the court of appeals. The petition in this case was filed more than 30 days after the decision of the court of appeals. Concluding that the mandatory language of sec. 808.10 constitutes a limitation upon the jurisdiction of this court to entertain a petition to appeal, we are compelled to grant the motion to dismiss.

At an early date in Wisconsin legal history both the taking and the perfection of the appeal were necessary in order to confer jurisdiction upon the supreme court. At the same time, the trial court was ousted of jurisdiction. If the appeal was not perfected within the statutory time, the supreme court did not acquire jurisdiction. *Haessly v. Secor,* 135 Wis. 548, 116 N.W. 175 (1908). Subsequently, the predecessor to sec. 807.07, Stats. was enacted by ch. 219, Laws of 1915. This statute, providing that a respondent waived objections to the regularity or sufficiency of an appeal if he participated in appellate proceedings without raising the objection, was first applied to save a notice of appeal in *Sauer Hide Co. v. Stein,* 174 Wis. 185, 182 N.W. 847 (1921). The respondent objected to mail service of the notice of appeal, claiming that it was not authorized because both sides resided in Milwaukee. Rather than answer that question, the court held that the issue was waived because the respondent admitted service of the brief and appendix of the appellant and stipulated to a continuance of the case from the August, 1920 to the January 1921 term. However, in

*Estate of Fish,* 200 Wis. 61, 227 N.W. 272 (1929), the court held that expiration of the time limit for appeal in a probate case, which was subject to extension by order of the trial court, caused the loss of the absolute right to appeal, and the supreme court had no jurisdiction even though the respondent stipulated that it would waive its objection to the insufficiency or irregularity of the appeal. The court considered the time limit question was subject matter jurisdiction, not to be conferred by waiver or consent.

In *Maas v. W. R. Arthur & Co.,* 239 Wis. 581, 2 N.W.2d 238 (1942), the court was faced with the question whether the appeal should be dismissed because it was served upon the partner of the respondent's attorney with the request that the respondent's attorney admit service and return the originals. The originals were returned without an admission of service. As in the *Sauer Hide Co.* case, the court passed the question of proper service and held that there was a waiver by participation in the appeal proceedings. This time the ground for waiver was admitting service of the brief and appendix. The court attempted to reconcile *Sauer Hide Co.* with *Estate of Fish* on the ground that the statute applied where there had been a good-faith attempt at service within the statutory time for the appeal, and the objection was to the method of making service. In *Estate of White,* 256 Wis. 467, 41 N.W.2d 776 (1950), the court held that acceptance and retention of briefs was a waiver of an objection to jurisdiction by a respondent that an appeal was not taken within the statutory time. As to its holding that acception and retention of briefs is a waiver by participation in the appeal, *Estate of White* has been overruled by *State v. Van Duyse,* 66 Wis.2d 286 224 N.W.2d 603 (1975).

The question of waiver by participation in the appeal is not present in this case. Nevertheless, we deem it nec-

essary to express our views as to the application of sec. 807.07, Stats., to petitions to appeal to the supreme court under sec. 808.10. Section 807.07(1), provides that it applies, "[w]hen an appeal . . . is attempted to any court and return is duly made to such court . . . ." When a petition to appeal is filed in the supreme court, no return can be made until the petition is granted. Therefore, on its face the statute does not apply to petitions to appeal. Moreover, former sec. 274.11(4), created by ch. 189, Laws of 1959, made all objections based on the appeal procedure statutes questions of personal rather than subject matter jurisdiction, and stated that the supreme court had subject matter jurisdiction from the time of entry of an appealable order or judgment. That statute, renumbered sec. 817.11(4), was repealed by ch. 187, Laws of 1977, the same law that created sec. 808.10. This is compelling evidence that the legislature intended compliance with sec. 808.10 as a condition precedent to the exercise of the appellate power by this court. We hold that failure to comply deprives this court of subject matter jurisdiction. The objection is not subject to waiver, and will be raised by this court *sua sponte.*

The petitioner advances three arguments in support of its contention that the petition to appeal may be entertained. First, it claims that the time for filing was extended by three days because the court of appeals opinion arrived by mail. It is argued that the three day extension is granted by the application of sec. 801.15(5), Stats., which the petitioner contends is made applicable to proceedings in the supreme court by sec. (rule) 809.82(1). The argument assumes that this court has the power to extend, by court rule, limitations upon the exercise of its jurisdiction created by statute. We need not consider that point, however, because sec. 808.10 does not provide a time limit which runs from the date of service or re-

ceipt of the court of appeals opinion. Rather, the time limit runs from the date of the opinion. In this case, that date was September 20th.

Secondly, petitioner argues that the notice of appeal was "filed" upon mailing to the clerk of the court of appeals. This argument is made by analogy to the statutes governing service of papers. Section 801.14(2), Stats., provides that service by mail is complete upon mailing. However, the statutory requirement for this court to obtain jurisdiction of a petition to appeal is not service, but filing. We are not aware of any statute or court rule providing that when a paper is presented for filing by mail, the filing is complete upon mailing. The requirement that a petition to appeal be filed contemplates that it be received in the office of the clerk of this court for the purpose of constituting a part of the records of this court.

Finally, the petitioner argues that this court may extend the time for filing a petition to appeal under the provisions of sec. (rule) 809.82(2), Stats. This rule relates to enlargement of time for an act prescribed by court rule or order. The act in this case is not prescribed by court rule or order. It is prescribed by statute. However, sec. (rule) 809.82(2), states that the time for filing a notice of appeal or cross-appeal of a final judgment or order in a civil appeal is not subject to enlargement. Plaintiff uses this provision to argue that a petition to appeal is not the equivalent of a notice of appeal, and therefore an enlargement of time is not prohibited. For the purposes of this case, it is a sufficient answer that the legislature has prescribed time limits for the initiation of an appeal in sec. 808.04, Stats., and this court has prescribed time limits for the filing of notices of appeal and cross-appeal under sec. (rule) 809.10. The

relationship between the statute granting the right to appeal and the practice rule of this court regulating the exercise of the right is not before us.

Hereafter, petitions to appeal which are received beyond the 30-day time limit set forth in sec. 808.10, Stats. will not be accepted by the clerk of this court, and the filing fee will be returned. In this case, the petition to appeal is dismissed, with $50 costs, and the clerk is instructed to refund the filing fee paid by the petitioner.