FREDRICK, and another, Plaintiffs-Appellants, v. CITY OF JANESVILLE, and another, Defendants-Respondents.†

Court of Appeals

*No. 78–819. Submitted on briefs May 31, 1979.—*
*Decided August 27, 1979.*
(Also reported in 283 N.W.2d 480.)

† Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the brief of *Richard E. Rosenberg* and *Nowlan & Mouat* of Janesville.

For the defendants-respondents the cause was submitted on the brief of *Eli Block* of Janesville.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

DYKMAN, J.   Plaintiff appeals from an order of the circuit court dismissing the complaint on the merits. The plaintiffs commenced the action in December, 1976, for damages resulting from an automobile accident which occurred on February 2, 1975. The plaintiffs alleged negligence on the part of defendants Thomas Stubbendick, Juanita Nelson, and the City of Janesville. Pursuant to stipulation, the complaint was dismissed before trial as to defendants Stubbendick and his insurer, State Farm Mutual Automobile Insurance Company.

At the trial on September 11, 1978, the trial court dismissed the action with prejudice at the end of plaintiff's case. On September 22, 1978, the trial judge signed an order dismissing the action, which was filed in the clerk of court's office on September 28, 1978. On Oc-

tober 4, 1978, the judge signed an "Order for Judgment" stating:

that Judgment be entered in favor of defendants, Juanita Nelson, United State Fidelity and Guaranty Company, State Farm Mutual Automobile Insurance Company, City of Janesville and Continental Casualty Company, and against the plaintiffs, Orland H. Fredrick and Connie Fredrick, with statutory costs to be borne by plaintiffs.

The order was filed the same day.

On October 9, 1978, a judgment was entered against the plaintiffs dismissing the action and awarding costs and disbursements to defendants Juanita Nelson and United States Fidelity and Guaranty Company.

On October 19, 1978, the clerk entered a judgment against the plaintiffs dismissing the complaint and awarding costs and disbursements to defendants City of Janesville and Continental Casualty Company. Notice of entry of judgment was filed on October 26, 1978. The notice of entry of judgment contains a certification that it was served on counsel of record on that day by mail pursuant to sec. 801.14(2), Stats.

On December 5, 1978, the plaintiffs filed a notice of appeal "from the Order dismissing action signed by the Court on September 22, 1978, and the subsequent judgments based thereon dated October 9, 1978 and October 19, 1978, the Honorable Arthur L. Luebke, Circuit Judge presiding." On December 12, 1978, the court of appeals, at plaintiffs request, dismissed the appeal as to defendants Juanita Nelson and United States Fidelity and Guaranty Company. The appeal before us is therefore only as to defendants City of Janesville and Continental Casualty Company.

The issues are as follows:

(1) Is the order of September 22, 1978, an appealable order as provided in sec. 808.03(1), Stats?

(2) Is a judgment final for the purpose of appeal under sec. 808.03(1), prior to taxing costs under sec. 806.06 (1)(c), Stats?

(3) Is the appeal timely taken from the October 19, 1978 judgment?

(4) Are appellants entitled to an additional three days under sec. 801.15(5), Stats. to file their appeal?

(1) Order of September 22 non-appealable[1]

Section 808.03(1) allows an appeal as of right from a final judgment or order "which disposes of the entire matter in litigation as to one or more of the parties." The September 22 order appears to be a final order because it dismisses the action upon its merits, with prejudice, and with statutory costs to the defendants. If this were the only document entered by the trial court, this court could find that it was a final order within the definition of sec. 808.03(1).

However, a later order was signed and entered by the trial court on October 4, 1978. This order is entitled "Order for Judgment." The test to determine whether a decision is a final order or judgment is whether the trial court contemplated that an additional formal document would be entered with respect to the matter covered in the decision. *State v. Kasuboski,* 83 Wis.2d 909, 910, 266 N.W.2d 433 (1978); *Naus v. Jt. S. D. No. 1 Sheboygan Falls,* 76 Wis.2d 104, 105–06, n. 1, 250 N.W.2d 725 (1977); *Barneveld State Bank v. Petersen,* 68 Wis.2d 26, 29–30, 227 N.W.2d 690 (1975); *Estate of Boerner,* 46 Wis.2d 183, 188, 174, N.W.2d 457 (1970); *Estate of Baumgarten,* 12 Wis.2d 212, 220, 107 N.W.2d 169 (1961). Applying that test to this case we conclude from the October 4, 1978 "Order for Judgment" that the trial court did not intend its September 22 order to be a final order.

---

[1] Because the order was entered September 28, the notice of appeal should have stated that it appealed from the September 28 order. However, we conclude that the notice of appeal sufficiently describes the order. *State v. Avery,* 80 Wis.2d 305, 309, 259 N.W.2d 63 (1977).

■ Judgment final without taxing costs

Plaintiffs argue that an order or judgment entered by a trial court is not final because it does not dispose of all the matters in litigation between the parties, pursuant to sec. 808.03(1), Stats., until costs and disbursements are taxed. They rely on the language of sec. 806.06(1) (c), Stats. which provides: "A judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment."

■

There is no requirement that a judgment be perfected before an appeal can be taken. Section 808.04(1) provides:

An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

■

Perfection is required for execution of the judgment pursuant to sec. 806.06(4), Stats. A successful party has 30 days to perfect the judgment after entry of judgment or forfeits the right to recover costs. Whether a judgment can be executed upon does not affect a party's ability to appeal.

(3) Appeal not timely taken

Plaintiff also appeals from the October 19 judgment. The notice of entry of that judgment contains a certification that it was served on counsel of record by mail on October 26, 1978, pursuant to sec. 801.14(2), Stats. Section 801.14(2) provides that service by mail is complete upon mailing. Because the service of notice of entry of judgment was made within 21 days as required by sec. 806.06(5), the time to appeal was 45 days from the date

of entry of judgment, not the date of service of notice of entry of judgment. Sec. 808.04(1).

The forty-five day period expired December 3, 1978, a Sunday. Because the last day to appeal fell on a Sunday the appellants had through December 4, 1978 to appeal. *See sec.* 801.15(1), Stats. made applicable to the rules of appellate procedure by Rule 809.82(1), Stats. As the notice of appeal was not filed in the trial court until December 5, 1978, the appeal was one day late and must be dismissed.

Rule 809.10(1)(b), Stats. provides: "The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal." The late filing of a notice of appeal, even if only one day, means that this court has no jurisdiction of the appeal. *See* Martineau and Malmgren, *Wisconsin Appellate Practice* sec. 601 at 36–40.

(4) Additional three days not available

Notice of entry of judgment was served by mail. Section 801.15(5) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, 3 days shall be added to the prescribed period.

In First Wis. Nat. Bank v. Nicholaou, 87 Wis.2d 360, 274 N.W.2d 704 (1978), the court held that sec. 801.15 (5), Stats. was inapplicable to a petition to the supreme court for a review of a court of appeals decision because sec. 808.10 provides that the time limit for review runs from the date of the decision of the court of appeals, not from the date of service or receipt of the opinion. Be-

cause sec. 808.04(1) Stats. states that the appeal to this court "must be initiated within 45 days of entry of judgment or order appeal from if written notice of the entry of judgment or order is given," the holding in *Nicholaou* is applicable here.

Under the new rules of appellate procedure the shortened time for appeal runs from the date of the *entry* of the order or judgment, not from the date of *service* of the notice of entry of order or judgment as was the case under prior sec. 817.01(1), Stats. (1975). Because the prescribed period under sec. 808.04(1), Stats. now runs from the date of entry of the order or judgment, and not from the date of notice of entry, sec. 801.15(5) is not applicable.

We therefore hold that the additional three days provided by sec. 801.15(5) is not available to an appellant appealing under secs. 808.03(1) and 808.04(1) when service of a notice of entry of an order or judgment is made by mail.

*By the Court.*—Appeal dismissed.