ARCHDIOCESE OF MILWAUKEE, and others, Plaintiffs-Appellant, v. CITY OF MILWAUKEE, Respondent-Petitioner.

Supreme Court

*No. 77–737. Decided September 27, 1979.*

(Also reported in 284 N.W.2d 29.)

For the petitioner the cause was submitted by *James B. Brennan,* city attorney, and *Richard F. Maruszewski* and *Maurice L. Markey,* assistant city attorneys.

For the appellants the cause was submitted by *David J. Vergeront* and *Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S.C.; Philip L. Padden* and *Zubrensky, Padden, Graf & Bratt; Ralph J. Ehlinger* and *Hoyt, Greene & Meissner, S.C.; Robert A. Christensen* and *Foley & Lardner; L. C. Hammond, Ross R. Kinney* and *Quarles & Brady; Richard R. Robinson* and *Godfrey & Trump,* all of Milwaukee.

*PER CURIAM* On June 12, 1979, this court by order denied the city of Milwaukee's petition to review an adverse decision of District I of the court of appeals in

which that court invalidated a city ordinance enacted to impose a sewer charge on and against all exempt real property and on all real property taxed under Chapter 76, Stats.

The city has now filed with this court a document it entitled "Motion for Reconsideration" seeking reconsideration of this court's June 12, 1979 order. Because we conclude the Rules of Appellate Procedure do not authorize a party to move for reconsideration of an order of this court denying a petition for review, we dismiss the instant motion.

The city's motion is purportedly based upon sec. (Rule) 809.64 which provides as follows:

"809.64  **Reconsideration.** A party may seek reconsideration of the *judgment or opinion* of the supreme court by filing a motion under Rule 809.14 for reconsideration within 20 days of the filing of the decision of the supreme court." (Emphasis added.)

The rules contain no specific definition of either judgment or opinion. However, sec. (Rule) 809.84, Stats., provides that an appeal is governed by the Rules of Civil Procedure as to all matters not covered by the appellate procedure rules unless a contrary result is indicated by the circumstances of the appeal or the context of the rule of civil procedure. In sec. 806.01(1)(a), Stats., of the Rules of Civil Procedure, a judgment is defined as the determination of the action. No contrary result is indicated by either the civil procedure rules or the circumstances of the appeal. Thus, that definition of judgment applies to that word as it is used in Rule 809.64.

This court's order of June 12th denying the city's petition for review does not fit the definition of judgment because it did not determine the action. The action in this case was determined by the court of appeals' decision affirming the trial court's judgment invalidating

the ordinance in question. This court's order denying review of that judgment did not determine the action but rather simply left the lower court's determination stand. Accordingly, this court's order was not a judgment so as to permit a motion for reconsideration pursuant to Rule 809.64.

Similarly, this court's order was clearly not an opinion within the meaning of the rule. Opinion is defined in Black's Law Dictionary (Rev. 4th Ed. 1968), pp. 1243–1244 as, among other things:

"The statement by a judge or court of the decision reached in regard to a cause tried or argued before them, expounding the law as applied to the case, and detailing the reasons upon which the judgment is based." *See also,* 21 C.J.S., *Courts,* sec. 217, pp. 400–404.

The order the city wants reconsidered simply denied the petition for review. It was neither a judgment nor an opinion. Therefore, sec. (Rule) 809.64, Stats., provides no authority for the city to move for reconsideration of such order. The motion must be dismissed.