BOSTON OLD COLONY INSURANCE COMPANY, and another, Plaintiffs-Appellants-Petitioners, v. INTERNATIONAL RECTIFIER CORPORATION, Defendant-Respondent.

Supreme Court

*No. 78–848.  Submitted on briefs September 12, 1979.
—Decided October 9, 1979.*
(Also reported in 284 N.W.2d 93.)

For the appellants the cause was submitted on the brief of *Wayne R. Van Ert* and *Otjen, Phillip & Van Ert, S.C.,* of Milwaukee.

No brief filed for respondent.

COFFEY, J.   This is a review of an order of the Court of Appeals, dated March 14, 1979, dismissing the appellants' appeal from an order and judgment of the Circuit Court for Milwaukee County on the grounds that the notice of appeal was not timely filed.

On September 15, 1977 Boston Old Colony Insurance Company and its insured, Curtis Industries, Inc. (hereinafter called the appellants) brought suit against International Rectifier Corp. (hereinafter called respondent) for indemnification or contribution and damages.   The suit arose as a result of defective electrical component parts manufactured by the respondent.

The respondent moved to dismiss the complaint on three grounds: (1) the court lacked personal jurisdiction over the defendant; (2) the complaint failed to state a claim upon which relief can be granted; and (3) the action was not timely commenced.

A hearing on the motion was held August 28, 1978, in the Milwaukee County Circuit Court, GEORGE BURNS, JR., presiding.   The court, in an order dated September 22, 1978, dismissed the action with prejudice based on the finding that ". . . plaintiffs have failed to state a claim against defendant upon which the requested relief or any relief can be granted."   Judgment was entered October 23, 1978, in accordance with the court's order.

Notice of entry of judgment was mailed to appellants' attorney on October 24, 1978, and filed with the court on October 25, 1978.

Pursuant to sec. 808.04(1), Stats.,[1] the appellants had 45 days from the date of entry of judgment in which to file their notice of appeal or until December 7, 1978.

On November 29, 1978 appellants' attorney attempted to file a notice of appeal with a deputy clerk of the Milwaukee County Clerk of Court's office. The deputy clerk advised the attorney that the appellants, in addition to filing the original notice of appeal with the circuit court file and $25 filing fee, must also in addition thereto transmit a $7 fee to the clerk of courts for mailing the notice of appeal, copy of the trial court record and the record on appeal to the Court of Appeals. Appellants' attorney did not have the $7 fee with him on that date and therefore did not file the notice of appeal on November 29, 1978.

On Friday, December 1, 1978 the appellants' attorney returned to the Clerk of Court's Office to file the notice of appeal and paid the $7 mailing fee to the cashier and obtained a receipt (which receipt was dated December 1, 1978). He then handed the original notice of appeal, the Circuit Court file, a check for $25 to cover the filing fee of the appeal, and the receipt for the $7 mailing fee to the deputy clerk of courts. The deputy clerk took possession of the documents and placed them on her desk. She informed the appellants' attorney ". . . that nothing further was needed and that she would do the necessary [sic] to forward the notice of appeal, $25.00 check, and copy of the court record (docket entries) to

---

[1] "808.04. **Time for appeal to the court of appeals.** (1) INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law."

the Clerk of Court of Appeals in Madison, Wisconsin; . . ."

On December 1, 1978 the appellants' attorney mailed a letter and a copy of the notice of appeal to the Clerk of the Court of Appeals pursuant to sec. 809.10(1)(a), Stats.[2] A copy of the letter was also mailed to respondent's attorney that same day. The respondent's attorney received his copy of the letter on December 2, 1978.

The appellants' attorney called the office of the Court of Appeals in Madison on December 7, 1978 to obtain the Court of Appeals' case number for use on its Statement on Transcript. The attorney was told that the Court of Appeals had not yet received the notice of appeal from the Milwaukee County Clerk of Courts' Office and therefore a case number had not yet been assigned.

On the 8th of December the appellants' attorney mailed a letter and the original Statement on Transcript to the office of the Clerk of the Court of Appeals. It was received and stamped filed by the Clerk of the Court of Appeals' office on December 11, 1978. Respondent's attorney received a copy of the letter on December 11, 1978.

The original notice of appeal was stamped filed and forwarded by the Milwaukee County Clerk of Courts' Office to the Court of Appeals on December 11, 1978. The Clerk of the Court of Appeals' Office received and filed the copy of the notice of appeal forwarded by the Milwaukee County Clerk of Courts' Office on December 12, 1978.

---

[2] "809.10 **Initiating the appeal.** (1) NOTICE OF APPEAL. (a) *Filing.* A person shall initiate an appeal by filing a notice of appeal with the clerk of the trial court in which the judgment or order appealed from was entered and shall specify in the notice of appeal the judgment or order appealed from. The *person at the same time shall notify the court of appeals of the filing of the appeal by sending a copy of the notice of appeal to the clerk of the court.*" (Emphasis supplied.)

In an order dated March 14, 1979 the Court of Appeals of the State of Wisconsin dismissed the appellants' appeal on the grounds that the court lacked jurisdiction to consider the appeal:

". . . A notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal. Rule 809.10(1)(b). The time for filing a notice of appeal in a civil appeal cannot be extended. Rule 809.82 (2). Appellant appeals from a judgment entered October 23, 1978 (J). Notice of entry of judgment was filed October 25, 1978, having been served by mailing on October 24, 1978. Accordingly, appellant had 45 days from October 23, 1978, to file his notice of appeal. Section 808.04, Stats. December 7, 1978, was the final day for filing the notice of appeal. The notice of appeal was not filed until December 11, 1978. Therefore the notice of appeal was not timely filed and the appeal must be dismissed."

Appellants petition for review of the Court of Appeals' March 14, 1979 order dismissing their appeal.

*ISSUE*

Did the Court of Appeals commit error in dismissing the appellants' appeal on the grounds that it was not timely filed under the circumstances of this case?

Sec. 809.10(1), Stats., provides that an appeal is initiated ". . . by filing a notice of appeal with the clerk of the trial court in which the judgment or order appealed from was entered . . ." In this case the issue is when is a notice of appeal considered to be filed.

The Milwaukee County Clerk of Courts' office stamped the notice of appeal as being filed as of December 11, 1978 and it is that date which the Court of Appeals used to base its finding that the appeal was untimely filed.

The appellants argue that the December 11, 1978 date stamped on the notice of appeal was erroneous. They argue that the appeal was actually filed on December 1 when the appellants' attorney hand delivered the notice

of appeal, along with several other related documents, including a receipt for the $7 mailing fee, to the deputy clerk of the Milwaukee County Clerk of Courts' office. In support of this position appellants cite the following facts:

1. the receipt of the $7 fee for mailing the notice of appeal, circuit court record and record on appeal to the Court of Appeals, was dated December 1, 1978;

2. this receipt, along with the notice of appeal, was given to the deputy clerk that same day;

3. appellants sent a copy of the notice of appeal to the Clerk of the Court of Appeals, along with a letter, on December 1, 1978 after leaving the original notice of appeal with the deputy clerk;

4. the respondent does not dispute appellants' allegation that their attorney tendered the notice of appeal, $25 docketing fee, circuit court file and $7 mailing fee to the deputy clerk in the Milwaukee County Clerk of Courts' Office on December 1, 1978.

In order to determine when the notice of appeal was filed with the clerk it is necessary to decide what constitutes *filing* under sec. 809.10, Stats. There is no Wisconsin case law specifically establishing what constitutes filing under this statute, however, case law in several other areas lend support to the appellants' position that the notice of appeal is considered to have been filed when physically handed to and accepted by the clerk.

In a recent per curiam opinion this court held that a petition for appeal to the Wisconsin Supreme Court, under sec. 808.10, Stats.,[3] is considered to have been filed when received by the clerk of courts' office. *First Wis-*

---

[3] "808.10. **Review by the supreme court.** A decision of the court of appeals is reviewable by the supreme court only upon a petition to appeal granted by the supreme court. The petition to appeal shall be *filed* in the supreme court within 30 days of the date of the decision of the court of appeals." (Emphasis supplied.)

*consin National Bank of Madison v. Nicholaou,* 87 Wis.2d 361, 274 N.W.2d 704 (1978).

Similarly, this court has held that *filing* of chattel mortgages or lien claims was completed when the mortgage or claim was physically delivered to the town clerk. In *Marlet v. Hinman,* 77 Wis. 136, 45 N.W. 953 (1890), the court held:

". . . In legal contemplation, the filing of the mortgage was complete when delivered to, received by, and left with the town clerk for that purpose. . . ." *Id.* at 140.

This holding was reaffirmed in *Eastman v. Parkinson,* 133 Wis. 375, 113 N.W. 649 (1907).

In *Goodman v. Baerlocher,* 88 Wis. 287, 60 N.W. 415 (1894), the court held:

". . . The statute provides for both *filing* and *docketing* the claim, and these are entirely different things. The law requires the *party* to file his claim for a lien, and the *clerk* is to docket it. . . . The rights of the claimant to a lien are secured when his claim therefor is delivered to and left with the clerk to be filed. The statute requires him to file it and to docket it. . . . When the claimant has delivered his claim for a lien to the clerk and left it with him to be filed, he has done all he is required to do—all he possibly can do—to secure his rights, and he will not be prejudiced by the neglect of the clerk to perform in respect to it his duty as directed by the statute. . . ." *Id.* at 298.

In *Lang v. Menasha Paper Co.,* 119 Wis. 1, 96 N.W. 393 (1903) the court held that a claim for lien was considered to have been filed when it was ". . . presented to the clerk to be filed, and retained by him as such clerk. . . ."

Other jurisdictions including Oregon, Kansas and Michigan, have interpreted the act of filing as requiring the physical delivery to and receipt by the appropriate public official. *See: Charco, Inc. v. Si Cohn,* 242 Or. 566,

411 P.2d 264, 266 (1966) ; and *People v. Fisch*, 164 Mich. 680, 130 N.W. 341 (1911).

It is especially relevant to note the language of the Kansas Supreme Court. In *City of Overland v. Nikias*, 209 Kan. 643, 498 Pac.2d 56 (1972), when faced with the question of interpreting the phrase "by filing a notice of appeal," the Kansas Supreme Court held:

". . . The legislature employed the phrase 'by filing a notice of appeal.' The word 'file' contemplates the deposit of a writing with the proper official." [citations omitted]. *Id.* at 59.

Several federal courts have held the act of filing to be complete when the notice of appeal was received by the clerk. The language of 3 United States Courts of Appeals' decisions are especially informative.

In *Ward v. Atlantic Coast Line Railroad Company*, 265 F.2d 75 (1959), the United States Court of Appeals, 5th Circuit, the court was faced with the issue of whether appellant's notice of appeal, from a judgment of the Florida District Court, was timely filed. The court in that case held:

"We hold nothing more than this: It is the time when the Clerk receives actual custody of the notice which determines whether this court has jurisdiction over the appeal, and under circumstances such as are present in this case, the notice may be received in the clerk's custody and control even though it has not yet been manually handled and marked 'filed' by the clerk or his deputy." *Id.* at 81.

In *United States v. Solly*, 545 F.2d 874 (1976) the United States Court of Appeals, 3rd Circuit, held:

"The first issue we confront, assuming the notice was timely received in the clerk's office, is whether it is considered filed when it is received in the district court or only when it is noted as 'filed' in the docket sheets. Fed. R. App. P. 4(b), which governs the time for filing an ap-

peal in criminal cases, does not define what constitutes a 'filing.' We think, however, that it must be construed to mean that the date of receipt by the clerk's office controls, rather than the date it is filed by the clerk's personnel. Otherwise, the timeliness of the filing would be under the control of the personnel of the clerk's office rather than the appellant. To state the possibility is to reject this construction of the Rule.

"Furthermore, this construction is supported by the language of several of the rules which refer to filing. Fed. R. Crim. P. 49 (d) provides that '[p]apers shall be filed in the same manner provided in civil actions,' and F.R. Civ. P. 5 (e) implies that filing is complete when the paper filed is received by the clerk's office or a judge. Fed. R. App. P. 25 (a) clearly equates filing with receipt in the clerk's office or by a judge. Although 25 (a) is applicable only to papers filed in a court of appeals, we see no reason why Fed. R. Civ. P. 5 (e) should be construed to require a different rule for papers filed in the district court.

"We therefore hold that whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date. *Da 'Ville v. Wise,* 470 F.2d 1364 (5th Cir.) (per curiam), *cert. denied,* 414 U.S. 818, 94 S. Ct. 40, 38 L. Ed.2d 50 (1973) . . . ." *Id.* at 876.

Finally, in *In re Piper Aircraft Distribution System Antitrust Litigation,* 551 F.2d 213 (1977) the United States Court of Appeals 8th Circuit, in a footnote to its opinion, held:

". . . The operative act is the handing of the notice of appeal to the clerk of the District Court; . . ." *Id.* at 216, fn. #7.

Since the ". . . procedure for initiating an appeal is essentially the same under both Federal and Wisconsin practice . . ." R. Martineau & R. Malmgren, *Wisconsin Appellate Practice,* sec. 4404A, p. 291, what constitutes

filing under federal appellate practice shall also constitute "filing" under Wisconsin appellate practice.

It is consistent with case law in Wisconsin concerning filing of mortgages, lien claims and petitions for review pursuant to sec. 808.10, Stats., and also consistent with decisions of federal courts and courts in other jurisdictions to hold that filing, under sec. 809.10, means physical delivery of the notice of appeal to and receipt by the clerk of the trial court. Therefore, the notice of appeal, in this case, shall be considered filed as of the date that the notice of appeal is actually received by the clerk. The only question that remains to be considered is when did the deputy clerk of the Clerk of Courts receive or take control of the notice of appeal.

The Wisconsin Court of Appeals held that the notice of appeal was filed December 11th because that is the date on which it was stamped filed. In most circumstances the date stamped on the notice will be the date of filing. However, the appellants have offered uncontroverted evidence to show that the notice was actually received by the deputy clerk of the Milwaukee County Clerk of Court's office on December 1st, ten days before it was stamped as filed. This court was particularly impressed by the receipt for the $7 mailing fee which was issued to the appellants by the cashier in the clerk of court's office and then immediately given to the deputy clerk along with notice of appeal, filing fee and trial court record. The receipt was dated December 1, 1978. While the notice of appeal may have been stamped filed as of December 11th, that date is not necessarily *conclusive* as to the date of filing. The federal court in *In re Piper Aircraft Distribution System Antitrust Litigation, supra,* held:

"The date stamped on the notice by the clerk of the District Court, however, is not conclusive of the date of filing. *See: Da 'Ville v. Wise,* 470 F.2d 1364, 1365 (5th Cir.), *cert. denied,* 414 U.S. 818, 94 S. Ct. 40, 38 L. Ed. 50 (1973); *Ward v. Atlantic Coast L. R.R. Co.,* 265 F.2d 75, 81 (5th Cir. 1959), revd on other grounds, 362 U.S. 396, 80 S. Ct. 789, 4 L. Ed.2d 820 (1960); *Silverton v. Valley Transit Cement Co.,* 237 F.2d 143 (9th Cir. 1956). The operative act is the handing of the notice of appeal to the clerk of the District Court; it is open to an appellant to prove that this occurred on a date earlier than that recorded on the notice of appeal. *See: Silverton v. Valley Transit Cement Co. supra;* 9 J. Moore, *Federal Practice,* ¶203.10 (2d Ed. 1975)." *Id.* at 216, fn. #7.

In Wisconsin this court in a very early case, *Moyer v. Strahl,* 10 Wis. 83 (1859), also held that the date of filing stamped on the notice of appeal is not conclusive:

". . . The notice of appeal, which was served upon the clerk, is endorsed, filed, December 28. One of the attorneys, however, for the appellant, has made and filed an affidavit, in which he states, that the original notice of appeal was served upon the clerk, the same day that a copy thereof was served upon the attorney for the respondent, and that both services were made on the 23rd of December. There is no counter affidavit filed, and we therefore are forced to believe that the clerk either made a mistake in dating the time the notice of appeal was filed, or that he did not file it the day it was actually served upon him. In either case, it would be hard to deprive the appellant of his right to an appeal on account of the mistake or default of the clerk, in filing the notice. . . ." *Id.* at 84–85.

In view of the evidence offered by the appellants and not disputed or controverted by the respondent, it must be concluded that the deputy clerk was given control of the notice of appeal on December 1, 1978, but failed to stamp it filed until December 11th. The delay in stamping the notice of appeal as filed is solely the result of the clerk's oversight and the appel-

lants should not be denied their right of appeal based on the actions of the deputy clerk, which were beyond the appellants' control. Public officials charged with the responsibility of properly documenting and forwarding notices of appeal to an appellate court clerk have the duty to improve their efficiency and exercise greater care and thus avoid litigation of this nature.

We hold that a notice of appeal may be considered as filed on the date it is actually received by the clerk when that date is different from the date stamped on the notice only where there is undisputed and uncontroverted evidence, as in this case, to establish that date. We hold that the notice of appeal was received by the clerk of courts on December 1st and not December 11th. Therefore, the order of the Court of Appeals dismissing appellants' appeal as not timely filed must be reversed and the cause remanded for further proceedings consistent with this opinion.

*By the Court.*—The order of the Court of Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.