Donald B. BRUNS, General Guardian of Ernest Edwin Bruns, Plaintiff-Appellant,

v.

Ivette M. MUNIZ and Liberty Mutual Insurance Company, Defendants-Respondents,

James A. LODUHA, Defendant.†

Court of Appeals

*No. 80–368. Submitted on briefs March 21, 1980.—Decided June 2, 1980.*
(Also reported in 295 N.W.2d 11.)

For the plaintiff-appellant the cause was submitted on the brief of *Scott G. Pernitz* and *Winner, McCallum, Hendee & Wixson* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Claude J. Covelli* and *Boardman, Suhr, Curry & Field* of Madison.

---

† Petition to review denied. ABRAHAMSON, J., took no part.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. The respondents Muniz and Liberty Mutual Insurance Company move to dismiss the appeal upon the ground that the appeal was not timely taken. According to the respondents, the appellant had 45 days after January 2, 1980, the date of entry of judgment, to file his appeal, and he failed to do so. The notice of appeal was filed in the trial court on February 22, 1980.

The appellant contends that the actual date of entry of judgment was either December 29 or 31, 1979, and thus the notice of entry of judgment served January 22, 1980, was not served within 21 days of the date of entry of judgment as required by sec. 806.06(5), Stats. If the notice of entry of judgment is not timely filed the appellant would have had 90 days to appeal under sec. 808.04(1), Stats. In addition the appellant contends that there is no proof in the record that the notice of entry of judgment was given within 21 days of entry of judgment as required by sec. 806.06(5), and also that three days should be subtracted from the time for serving the notice of entry of judgment, pursuant to sec. 801.15(5), Stats., when a notice of entry of judgment is served by mail.

We conclude that the notice of appeal was filed late and that the appeal must be dismissed.

"A judgment is entered when it is filed in the office of the Clerk of Court." Sec. 806.06(1)(b), Stats. The appellant contends that the judgment was actually filed when it was received by Judge Bardwell on December 29, 1979, citing sec. 801.14(5), Stats., which allows filing with a judge. However, sec. 801.14(5) provides:

The filing of pleadings and other papers with the court as required by these statutes shall be made by filing them with the clerk of court, *except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith*

*transmit them to the office of the clerk.* (Emphasis added.)

There is nothing in the record to indicate that Judge Bardwell permitted the judgment to be filed in his office, and the judgment does not indicate that it was filed in Judge Bardwell's office on December 29. We conclude that the judgment was not filed December 29.

The appellant next contends that the actual date of filing the judgment was December 31, 1980, when the judgment was delivered to the clerk of court's office by Judge Bardwell's clerk. The appellant relies upon the cases of *Boston Old Colony Ins. v. Int'l. Rectifier Corp.,* 91 Wis.2d 813, 284 N.W.2d 93 (1979), and *First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis.2d 360, 274 N.W.2d 704 (1979), for the proposition that the date of delivery, not the date the document is stamped "filed," is controlling. The affidavit of Judge Bardwell's clerk states that she received an order for judgment signed by Judge Bardwell on December 31, 1979, together with the unsigned judgment and correspondence from the appellant's attorney. She time-stamped the order for judgment and delivered all three documents to the clerk's office on December 31. On January 2, 1980, the deputy clerk signed the judgment and time-stamped it.

In *Boston,* 91 Wis.2d 813, and *Nicholaou,* 87 Wis.2d 360, the supreme court discussed the filings of notices of appeal and petitions for review in the clerk's office of this court and the supreme court. Those cases are distinguishable because the filing of a notice of appeal or petition for review is not comparable to the filing of an unsigned judgment. A judgment is not effective until it is rendered. "A judgment is rendered by the court when it is signed by the judge or by the clerk at the judge's written direction." Sec. 806.06(1)(a), Stats. It is un-

disputed that the judgment was signed by the deputy clerk on January 2, 1980, pursuant to Judge Bardwell's written order for judgment. The judgment could not be considered "filed," and therefore "entered" pursuant to sec. 806.06(1)(b), until it had been rendered. *Netherton v. Frank Holton & Co.*, 189 Wis. 461, 469, 205 N.W. 388 (1926). The appellant's contention that the unsigned judgment was filed when it was delivered to the clerk's office on December 31, 1980, is without merit. We deem it immaterial that the correspondence from the appellant's attorney requested the court to not enter judgment until costs were taxed.

The next argument advanced by the appellant is that there is nothing in the record to prove that notice of entry of the judgment was given within 21 days of entry of judgment as required by sec. 806.06(5), Stats. The appellant contends that notice of entry of judgment must be "given," rather than served, and that there must be proof that it was "given." There is no contention by the appellant that he or his attorney did not receive the notice of entry of judgment and he does not inform the court when it was received.

An affidavit by the respondents' attorney attached to the motion to dismiss states that a copy of the notice of entry of judgment was mailed to appellant's attorney on January 22, 1980. The docket entries show that the notice of entry of judgment was filed with the clerk of court on January 23, 1980. Service by mail is complete, upon mailing. Sec. 801.14(2), Stats.; *Fredrick v. City of Janesville*, 91 Wis.2d 572, 576, 283 N.W.2d 480 (Ct. App. 1979), *rev'd on other grounds*, 92 Wis.2d 685, 285 N.W.2d 655 (1979). Absent any contention by the appellant that the notice of entry of judgment was mailed on a date other than January 22, we must conclude that it was mailed on that date. *Boston*, 91 Wis.2d at 823. In addition, absent an objection to the contrary, the court

must presume the notice of entry of judgment was received by appellant's counsel.

We therefore hold that notice of entry of judgment was "given" within the meaning of sec. 806.06(5), Stats., when the notice of entry of judgment was mailed on January 22. Because the notice of entry of judgment was served within 21 days of entry of judgment as required by sec. 806.06(5), it was effective to shorten the time for appeal to 45 days pursuant to sec. 808.04(1), Stats.

Lastly the appellant argues that the provisions of sec. 801.15(5), Stats., which allow an additional three days to perform an act when service is made by mail, should apply. The appellant points out the inequitable circumstances of an appellant only having 24 days to appeal if the opposing party waits the full 21 days to serve the notice of entry of judgment. In addition, it could be several days before notice of entry of judgment is received because of delays in postal service. The appellant suggests that this problem could be ameliorated to some extent by the court's establishing a rule that three days be subtracted from the time for service of the notice of entry of judgment when service is made by mail.

This problem was addressed in *Fredrick,* 91 Wis.2d at 577–78. The court held that sec. 801.15(5), Stats., was not applicable where a notice of entry of judgment was served by mail, relying on *Nicholaou,* 87 Wis.2d at 364–65. We decline to reconsider the holding in *Fredrick* and hold that it is controlling in this case.

In summary, the judgment was entered January 2, 1980, when it was signed and filed by the clerk of the trial court. Because the notice of entry of judgment was served within 21 days of the date of entry of judgment, it was effective to reduce the time for appeal to 45 days. Forty-five days after January 2, 1980, was February 16,

1980. February 16 was a Saturday and therefore the time for filing the notice of appeal was extended to February 18, 1980, a Monday, pursuant to the provisions of sec. 801.15(1), Stats. February 18 was a legal holiday and therefore the time for appeal was similarly extended to February 19 by the provisions of secs. 801.15(1) and 757.17, Stats. The notice of appeal was filed February 22, 1980, and therefore was filed three days late. Because it was late this court has no jurisdiction of the appeal and the motion to dismiss must be granted. Rule 809.10(1)(b).

*By the Court.*—Appeal dismissed.