Alvin C. GUNDERSON and Carrie Gunderson, his wife, Plaintiffs-Appellants-Petitioners,

v.

STATE of Wisconsin, Department of Transportation, Division of Highways, Defendant-Respondent. [Case No. 81–1231.]

STATE EX REL. FLINT BUILDING COMPANY, Plaintiff-Appellant-Petitioner,†

v.

BOARD OF REVIEW OF KENOSHA COUNTY, Wisconsin, Defendant-Respondent. [Case No. 81–045.]

STATE OF Wisconsin, Plaintiff-Respondent,

v.

Lawrence B. BEAUREGARD, Defendant-Appellant-Petitioner. [Case No. 81–299.]

Supreme Court

*Nos. 81–1231, 81–045, 81–299. Filed March 26, 1982.*
(Also reported in 318 N.W.2d 779.)

† Motion for reconsideration denied, without costs, on May 3, 1982. CECI, J., took no part.

PER CURIAM. These cases have been consolidated to consider the question of whether the petition for review in each was timely filed such that jurisdiction rests with this court. The petition in No. 81–1231 *(Gunderson)* was dismissed on November 17, 1981, because of lack of jurisdiction/untimeliness but is the subject of a motion for reconsideration.[1] Consideration of the petition in No. 81–045 *(Flint Building)* has been stayed to

[1] *Archdiocese of Milwaukee v. City of Milwaukee,* 91 Wis. 2d 625, 284 N.W.2d 29 (1979), which indicated there is no authority for reconsideration of a denial of a petition for review, does not prohibit reconsideration here. Dismissal of a petition constitutes an opinion by this court that it is without jurisdiction in a particular case and thus is subject to reconsideration under sec. 809.64, Stats.

permit the parties to address the same issue. The petition in No. 81–299 *(Beauregard)* is currently before this court.

In *Gunderson* the court of appeals' order from which plaintiffs-petitioners sought review was issued October 6, 1981. The petition was transmitted to this court by United States certified mail and, pursuant to sec. 809.80, Stats., addressed:

> Supreme Court
> State Capitol
> Madison, Wisconsin 53702

The petition was not actually received and stamped as filed by the clerk of this court until November 6, 1981. Since this was 31 days after the court of appeals' order, the petition was dismissed under *First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis. 2d 360, 274 N.W.2d 704 (1979). Plaintiffs-petitioners' subsequent motion for reconsideration indicated that according to the certified return receipt in their possession, the petition was actually first received on November 5, 1981, by what was subsequently determined to be a Department of Administration mail distribution employee.

The petition in *Flint Building,* seeking review of a court of appeals' decision of November 24, 1981, was similarly addressed and sent by certified mail. However, plaintiff-petitioner has not furnished a receipt or other evidence showing when it was received by the DOA. It was actually received and stamped as filed by the clerk on December 29, 1981, representing the 32nd day after the opinion, excluding the intervening holiday and weekend.

The *Beauregard* petition, from a December 22, 1981, court of appeals' decision, was addressed in the same fashion but sent by regular mail. It was not received and stamped by the clerk until January 22, 1982, one day

late. Having utilized the regular mails, defendant-petitioner is obviously without proof of when the petition was received by DOA.

According to a policy of the United States Postal Service, mail to this court after October 1, 1981, addressed as in these cases, whether first class, certified, or otherwise, has gone first to the DOA's mail distribution center for sorting and final delivery. This may result in a delay of one or more days in the eventual receipt by the clerk. Accordingly, to avoid this potential delay, 54 *Wisconsin Bar Bulletin* No. 9, p. 8 (Sept. 1981), indicated that this court's new mailing address for all types of mail was:

> Clerk of the Court
> Supreme Court of Wisconsin
> P.O. Box 1688
> Madison, WI 53701

Mail so addressed is transmitted directly to the clerk rather than the DOA.

*Nicholaou* expressly stated that a petition for review is filed when it is received in the clerk's office. 87 Wis. 2d at 365, 274 N.W.2d at 707. To similar effect was *Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 822, 284 N.W.2d 93, 97 (1979), although it was specifically concerned with the filing in the circuit court of a notice of appeal.

However, this court has also indicated mistakes or unnecessary delays in processing by the clerk should not deprive a party of its right to appellate review. *Id.* at 824, 284 N.W.2d at 98; *Moyer v. Strahl,* 10 Wis. 83, 85 (1859).

Although the one-day delay in final receipt of the *Gunderson* petition was not the clerk's responsibility, we

believe the petition must be considered timely, the DOA constituting the clerk's agent for receipt of the petition in this unique situation. This holding is warranted since plaintiffs-petitioners were without the formal notification of the new, expedited delivery address which this opinion now provides and have furnished uncontroverted evidence that the petition was timely received by DOA.

On the other hand, the petitioners in *Flint Building* and *Beauregard* are without such conclusive proof that these petitions were actually received by the DOA on or before the 30th day. For this court to assume that this was the case and that a delay definitely resulted would require substantial speculation and conjecture which we will not undertake.

As we have indicated, the filing of a petition does not occur upon its mailing. *Nicholaou, supra,* at 365, 274 N.W.2d at 707. Notwithstanding the unique situation in *Gunderson,* a petitioner remains solely responsible for assuring that the petition is physically received and filed by the clerk in timely fashion in order to vest jurisdiction; the risk of potential vagaries in mail delivery, regardless of the specific address utilized, must be assumed if that method of transmittal is chosen.

Accordingly, the motion for reconsideration in *Gunderson* is granted and the order dismissing the petition for review is vacated. This court shall consider the petition and notify the parties of its disposition in due course. The petitions for review in *Flint Building* and *Beauregard* are dismissed, without costs.