ST. JOHN'S HOME OF MILWAUKEE, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY and
Donald Stevens, d/b/a Stevens Associates, Defendants,

ZIMMERMAN DESIGN GROUP, INC., and Knuth
Masonry, Inc., Defendants-Third Party Plaintiffs,

BECKER CONSTRUCTION COMPANY, INC.,
Defendant-Third Party Plaintiff-Appellant,

AETNA CASUALTY INSURANCE COMPANY and
American National Fire Insurance Company,
Defendants-Third Party Defendants-Respondents,

EMPLOYERS MUTUAL CASUALTY COMPANY,
Defendant-Third Party Defendant,

HERITAGE MUTUAL INSURANCE COMPANY
and Robert Brust, Third Pary Defendants. [Case No.
87–2265.]

ST. JOHN'S HOME OF MILWAUKEE, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY and
Donald Stevens, d/b/a Stevens Associates, Defendants,

ZIMMERMAN DESIGN GROUP, INC., Defendant-
Third Party Plaintiff,

KNUTH MASONRY, INC., Defendant-Third Party
Plaintiff-Appellant,

37

BECKER CONSTRUCTION COMPANY, INC.,
Defendant-Third Party Plaintiff,

AETNA CASUALTY INSURANCE COMPANY and
American National Fire Insurance Company,
Defendants-Third Party Defendants,

EMPLOYERS MUTUAL CASUALTY COMPANY,
Defendant-Third Party Defendant-Respondent,

HERITAGE MUTUAL INSURANCE COMPANY,
Third Party Defendant-Respondent,

ROBERT BRUST, Third Party Defendant. [Case No.
87-2468.]

Supreme Court

*Nos. 87-2265, 87-2468. Filed June 7, 1989.*

(Also reported in 441 N.W.2d 219.)

38

PER CURIAM. Knuth Masonry, Inc. and Becker Construction Company, Inc., have filed a motion asking

this court to accept as timely, their joint petition for review in this case.[1]

The issue presented in this motion is whether depositing the petition for review in this court's clerk's office after the close of that office's normal business day on the 30th day following the court of appeals' adverse decision, constituted a timely filing of the petition for review under the applicable statute and rules. We hold that to be timely, a petition for review must be delivered for filing in this court's clerk's office before 5 p.m. on the 30th day following the date the court of appeals' decision was filed; furthermore, we hold that because on past occasions this court has accepted documents for filing delivered after the normal 5 p.m. close of the clerk's office, we will also do so in this case and accept this joint petition. Henceforth, however, the 5 p.m. closing deadline will be strictly enforced.

On November 29, 1988, the court of appeals filed its decision in these consolidated cases affirming the circuit court's judgment which had dismissed several insurance companies as third-party defendants on the ground that their respective comprehensive general liability policies

---

[1] The petitioners entitle this a "Motion to File a Petition for Review." On December 30, 1988, this court ordered the petition for review dismissed because it had not been filed within 30 days of the court of appeals' decision. We construe the instant motion as being, in effect, a motion for reconsideration of that dismissal order. While motions for reconsideration of orders denying petitions for review are not authorized in the Rules of Appellate Practice, and hence are not considered by this court, *see Archdiocese of Milwaukee v. Milwaukee,* 91 Wis. 2d 625, 284 N.W.2d 29 (1979), this court has recognized a limited exception when the motion seeks reconsideration of an order which dismissed a petition for review on timeliness grounds. *Gunderson v. State,* 106 Wis. 2d 611, 318 N.W.2d 779 (1982). Accordingly, we address the merits of this motion for reconsideration.

40

issued to Knuth Masonry and Becker Construction did not provide coverage for the damage attributable to the installation of a brick facade for the plaintiff, St. John's Home of Milwaukee. In order to be timely, pursuant to sec. 802.10 and sec. (Rule) 809.62, Stats., a petition for review of that decision had to be filed in this court by Thursday, December 29, 1988. By 5 p.m. on December 29, 1988—the close of the clerk's office business hours— no petition for review had been received in this case. At approximately 5:15 p.m. on that date, however, Attorney Mark Camp, on behalf of Knuth Masonry, Inc. and Becker Construction Company, arrived at the clerk's office intending to deliver and file a joint petition for review. Because the clerk's office was then closed for the day, Attorney Camp could not deliver the petition for review for filing. At that same time, however, a law clerk employed by one of the justices of this court, was leaving the chambers and encountered Attorney Camp in the hallway outside the clerk's office. In response to Attorney Camp's request, that law clerk unlocked the clerk's office outer door and permitted Attorney Camp to leave 15 copies of the petition for review in this case on the receptionist's counter. The law clerk and Attorney Camp then closed up the office and left.

The next morning, December 30, 1988, at 7:15 a.m., when the deputy clerk of this court arrived to open the clerk's office for the day's business, she discovered these petition for review documents. Because those documents had not been received in the clerk's office for filing before the 5 p.m. close of the workday on December 29th, the petition was deemed to be late; consequently, this court issued an order dismissing the petition for review on timeliness grounds. That order is the subject of this motion for reconsideration.

41

The normal office or business hours of this court's clerk's office are from 7:15 a.m. to 5 p.m., Monday through Friday, excluding legal holidays. Thus, the clerk's office is open for business 9-3/4 hours per day, one more hour per day then most other state offices which follow the 7:45 a.m. to 4:30 p.m. daily work shift specified in sec. 230.35(4), Stats. On occasion, it has happened that lawyers or litigants have appeared at the clerk's office after the 5 p.m. closing time and have found the clerk's office still open, or have encountered court employees still on the premises; in some of these situations, documents have been accepted for filing even though it was then beyond the normal 5 o'clock closing time. Presumably some of the documents accepted in this manner after the normal business hours have included petitions for review which were due on that day.

It has always been recognized that the timely filing of a petition for review is necessary to invoke this court's appellate jurisdiction. *See First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis. 2d 360, 274 N.W.2d 704 (1979). To be timely, a petition for review must be filed within 30 days of the date of the decision of the court of appeals; that 30-day filing deadline is specified by the legislature, sec. 808.10, Stats., and by this court's own rule, sec. (Rule) 809.62(1). The clerk of this court has been designated to receive petitions for review as well as other documents for filing. *See* sec. (Rule) 809.80(1). These documents can either be hand delivered to the clerk's office in the State Capitol Building, or mailed to:

42

Clerk of Court
Supreme Court of Wisconsin
P.O. Box 1688
Madison, WI 53701-1688

Whatever method of delivery is used, a petition for review must be physically received in the clerk's office within 30 days of the filing of the court of appeals' decision that is to be reviewed. Every court of appeals' decision or order is stamped reflecting the date it was issued and filed. If the clerk of this court does not receive the petition for review for filing within that 30 days, this court is deprived of subject matter jurisdiction to review that decision. *Nicholaou, supra,* at 364-65. Just as a notice of appeal is filed when it is received by the clerk of the trial court, *Boston Old Colony Ins. Co. v. Int'l Rectifier Corp.,* 91 Wis. 2d 813, 817, 284 N.W.2d 93 (1979); *Douglas v. Dewey,* 147 Wis. 2d 328, 335, 33 N.W.2d 182 (1989), so too, a petition for review is filed when it is received in this court's clerk's office. *First Wis. Nat'l Bank of Madison v. Nicholaou, supra,* 87 Wis. 2d at 365; *Gunderson v. State, supra,* 106 Wis. 2d at 614.

In this case, the question is whether this petition for review which was deposited on the clerk's office receptionist's desk at 5:15 p.m. was received and, therefore, deemed filed in this court within 30 days of the date of the court of appeals' decision. In light of the fact that in the past it has happened that documents including petitions for review have been received after the normal business hours of the clerk's office, we conclude that this petition too should be deemed to have been timely filed under these circumstances. We believe, however, that the timeliness of the filing of a petition for review should not be governed by happenstance. Therefore, for the future, we reject—as too problematic and cumbersome— any rule which would condone the after-hours delivery

43

and receipt of a petition for review. While other jurisdictions may accept as timely documents brought to the capitol building and given to a night watchman to deposit in the closed clerk's office, *see Elliott v. Gardner,* 113 Ind. App. 47, 46 N.E.2d 702 (1943), or documents slipped under the clerk's office door after the office is closed for the day, *see Freeman v. Giacomo Cosia Fu Andrea,* 282 F. Supp. 525, 527 (E.D. Pa. 1968), we see unpredictability and potential for abuse in such practice. We note that Wisconsin has no counterpart to 28 U.S.C. sec. 452, which provides:

> All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders.

Because Wisconsin has no similar statute or rule, there is no authority in this state to support any presumption that this court's clerk's office is always open for filing papers, or that a litigant has until midnight of the 30th day to file a petition for review. Instead, in this case, we adopt and follow a "bright-line" rule holding that in the future, if any documents or petitions are delivered or received in the clerk's office after 5 p.m., they will be treated as having been filed as of the following day.

The fact that the clerk's office might be closed on a holiday which coincides with the final day for filing a petition for review in a given case, or the fact that the petition for review is due on a Saturday or Sunday, should cause no problems. Pursuant to SCR 99.01(4) when the last day for filing falls on a Saturday or Sunday or legal holiday, the filing may be accomplished on the

next succeeding day that is not a Sunday or legal holiday. See also, sec. 801.15(1)(b), Stats.

This court's clerk's office is closed on the following holidays:

1) January 1;

2) the 3rd Monday in January, which is the day of celebration for January 15;

3) after 12 noon on Good Friday;

4) the last Monday in May, which is the day of celebration for May 30;

5) July 4;

6) the first Monday in September;

7) the 4th Thursday in November;

8) December 24;

9) December 25;

10) December 31; and,

11) the day following if January 1, July 4 or December 25 falls on a Sunday.

For filing purposes, all of these holidays, including Good Friday, see sec. 801.15(1)(a), Stats., are considered to be full day holidays. Thus, any documents due to be filed on those specified holidays are timely if they are delivered before the 5 p.m. close of the clerk's office on the next succeeding working day.

In summary, we recognize that the official office hours of this court's clerk's office shall be from 7:15 a.m. to 5 p.m., Monday through Friday, excluding legal holidays. Henceforth, in order to be considered filed, any documents or papers must be received in the clerk's office within those specified office hours. Any papers or documents delivered or received at the clerk's office after

5 p.m. will be treated as having been filed as of the following day.

In the instant case, we grant the motion for reconsideration, and vacate our December 30, 1988 order dismissing the petition for review. We accept as timely filed, the joint petition for review delivered by Attorney Camp to the clerk's office on December 29, 1988. An order consistent with this opinion has been issued. Costs on this motion will abide this court's consideration and disposition on the merits of the petition for review.