Bruce LOBERMEIER, Plaintiff-Respondent-Petitioner,

v.

GENERAL TELEPHONE COMPANY OF WISCONSIN, a domestic corporation, and American Motorists Insurance Company, a foreign insurance corporation, Defendants-Appellants.

Supreme Court

*No. 82–240. Filed October 2, 1984.*

(Also reported in 355 N.W.2d 531.)

For the defendants there was a motion by *Thomas Terwilliger,* of *Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C.,* Wausau.

For the plaintiff there was a response by *Arthur DeBardeleben,* of *DeBardeleben & Snyder,* Park Falls.

PER CURIAM. In the initial decision in this case, *Lobermeier v. General Telephone Co. of Wis.,* 119 Wis. 2d 129, 349 N.W.2d 466 (1984), this court affirmed and reversed in part a court of appeals' decision and remanded to the circuit court for a new trial on damages. Defendants then moved for reconsideration of part of the decision. Although the motion was also without substantive merit, it was dismissed on grounds of untimeliness. The matter was remitted to the circuit court shortly thereafter. Defendants have now moved for reconsideration of the dismissal.[1] Because the first motion was indeed untimely, we deny the instant motion.

---

[1] Successive motions for reconsideration are usually not permitted. *See Tomberlin v. Chicago, St. Paul, Minneapolis & Omaha Railway Co.,* 208 Wis. 30, 242 N.W. 677 (1932). However, here the second motion is limited to a procedural issue raised by the first motion.

Defendants' affidavit reveals that the initial motion for reconsideration was mailed to this court late on the twentieth day following the decision and received by the clerk two days later. They argue that while sec. 809.64 requires that such a motion be filed within 20 days of the decision, unlike the filing of petitions for review this does not mean that the document must be received by the clerk within that time. *See First Wis. Nat. Bank of Madison v. Nicholaou,* 87 Wis. 2d 360, 274 N.W.2d 704 (1979). Rather, sec. 809.80(2) binds this court to the service and filing requirements followed by lower courts in this state; in turn, sec. 801.14 indicates that documents may be served upon opposing parties by mail and then filed with the court within a reasonable time thereafter. Accordingly, since the motion in this case was mailed to opposing counsel and this court within 20 days, it allegedly was timely.

We agree with defendants that the 20-day requirement of sec. 809.64 which is a rule of this court, as opposed to the 30-day time limit of sec. 808.10 which is a legislative enactment, is not of jurisdictional dimensions. Until remitted to a lower court, a case in post-decision status remains before this court. However, this still does not mean that a motion for reconsideration is timely when simply mailed within the required period. *Nicholaou* stated:

"We are not aware of any statute or court rule providing that when a paper is presented for filing by mail, the filing is complete upon mailing. 87 Wis. 2d at 365; 274 N.W.2d at 707."

Furthermore, the necessity to make final this court's decisions, particularly since under sec. 809.26 the clerk must remit all cases to the lower courts 31 days after the

decision, dictates that a motion for reconsideration must be received by the clerk within the required time.

In an unusual situation raised prior to remittitur an exception might be warranted under sec. 809.82(2)(a):

"[T]he court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after the expiration of the prescribed time period."

However, the accompanying 1978 Judicial Council Committee Note stresses that deadlines before this court are quite important and extensions are not looked upon with favor. The circumstances in this case do not justify relief under this subsection.

Accordingly, it is ordered that the second motion for reconsideration in this case is denied.