2014 WI 117



OFFICE OF THE CLERK

# Supreme Court of Wisconsin

**110 EAST MAIN STREET, SUITE 215**
**P.O. BOX 1688**
**MADISON, WI 53701-1688**

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

October 22, 2014

**To:**

Hon. David T. Flanagan III
Circuit Court Judge
215 South Hamilton, Br. 12, Rm. 8107
Madison, WI 53703

Carlo Esqueda
Clerk of Circuit Court
215 South Hamilton, Rm. 1000
Madison, WI 53703

Maria S. Lazar
Clayton Patrick Kawski
Asst. Attorney General
P.O. Box 7857
Madison, WI 53707-7857

Michael D. Fischer
Thomas Claire Kamenick
Wisconsin Institute for Law & Liberty
1139 E. Knapp St.
Milwaukee, WI 53202-2828

Aaron N. Halstead
Hawks Quindel, S.C.
P.O. Box 2155
Madison, WI 53701-2155

*Additional Addressees listed on Page 3

You are hereby notified that the Court has entered the following order:

No. 2012AP1652          Milwaukee Branch of the NAACP v. Scott Walker  L.C.#2011CV5492

Combined emergency motions for enlargement of time and for reconsideration of the court's July 31, 2014 opinion and order pursuant to Wis. Stat. §§ (Rules) 809.82(2)(a) were filed by plaintiffs-respondents, Milwaukee Branch of the NAACP, et al., on September 19, 2014. The court notes that the time to move for reconsideration expired on August 20, 2014, see § (Rule) 809.64, Stats., and the record in this matter was remitted to the circuit court on September 3, 2014. In addition, the court notes that on October 9, 2014, the United States Supreme Court issued an order vacating the Seventh Circuit Court of Appeals' stay of the district court's permanent injunction of Wisconsin's voter ID law. Thus, in addition to being untimely, the plaintiffs-respondents' motion for reconsideration has now been rendered moot.

IT IS ORDERED that the motion for enlargement of time is denied and the motion for reconsideration is dismissed as moot.

SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). The emergency request for reconsideration of this court's order in the previously stayed (and then "unstayed") voter ID law is not moot and should not be dismissed at this time. The legality and implementation of the voter ID law are very much alive and important to the people of the state, even though the majority of this court apparently wishes the matter would go away.

The time to file such a motion in this court is not jurisdictional. Ordinarily, however, a request for a stay is not granted when the record has been remitted to the circuit court. See Lobermeier v. Gen. Tel. Co., 120 Wis. 2d 419, 355 N.W.2d 531 (1984); Pierce v. Kelly, 39 Wis. 2d 568 (1876); Ogilvie v. Richardson, 14 Wis. 157 (1860) ("When cases have been once decided here, and regularly remitted after the time to move for a rehearing has expired, the function of this court with respect to those cases is exhausted. If we should entertain these motions now, we see no reason why it might not be done at any indefinite time hereafter; and thus parties could never know when their cases were determined.").

There are exceptions to this rule that the court not grant reconsideration after remittitur of the record. The present case falls within an exception to the remittitur rule: The issue before the court is not final. On October 9, 2014, the United States Supreme Court issued an order blocking implementation of the Wisconsin voter ID law for the November election.

Furthermore, the court has options: This court may order the record returned from the trial court or may recast the motion to stay as an original action. See State ex rel. Ozanne v. Fitzgerald, 2011 WI 43, 334 Wis. 2d 70, 798 N.W.2d 436.

To illustrate that the voter ID matter is not final and is fluid, I note that it has been reported that Wisconsin Attorney General Van Hollen intended to repair the problem of absentee ballots having been sent to voters without notification of the ID requirement. The implication in the U.S. Supreme Court order (at least as hinted by the dissent) is that the absentee ballot issue caused the U.S. Supreme Court to stay implementation of the voter ID law. Apparently the emergency rule adopted to render the voter ID law constitutional was, as of yesterday, still in flux.

It is now reported that the Attorney General will not take steps to repair the absentee ballots issue.

Retaining the fully briefed request for a stay, instead of dismissing it, allows this court to be prepared, if necessary, to rule on a stay of implementing the new voter ID law should circumstances change (as they have several times over the past few weeks).

For the reasons set forth, I do not think the request for a stay is moot, and I dissent from the dismissal of the motion at this time.

Diane M. Fremgen
Clerk of Supreme Court

*Additional Addressees:

Michael T. Morley
223 Pawnee Road
Cranford, NJ 07016

Richard Saks
B. Michele Sumara
Hawks Quindel, S.C.
P.O. Box 442
Milwaukee, WI 53201-0442

James R. Troupis
Sarah E. Troupis
Troupis Law Office, LLC
4126 Timber Lane
Cross Plains, WI 53528

Helen M. Dicks
AARP
222 W. Washington Avenue, Ste. 600
Madison, WI 53703-3745

Daniel B. Kohrman
AARP Foundation Litigation
601 E. Street, NW, Room B4-454
Washington, DC 20049

Kristin M. Kerschensteiner
Disability Rights Wisconsin
131 W. Wilson St., #700
Madison, WI 53703

Rebecca Kathryn Mason
Rebecca Mason Law LLC
704 Park Avenue
Racine, WI 53403

Joseph Louis Olson
Michael Best & Friedrich LLP
100 E. Wisconsin Avenue, Ste. 3300
Milwaukee, WI 53202-4124